[No. 2378.]

## Adam Bostic *v.* The State.

Aggravated Assault and Battery—Penalty.—Charge of the Court instructed the jury that the penalty for aggravated assault and battery was by fine of not less than twenty-five dollars nor more than five hundred dollars, and imprisonment in the county jail not less than one month nor more than two years, or by such fine without imprisonment; whereas the penalty prescribed by law is a minimum fine of twenty-five and a maximum fine of one thousand dollars, or imprisonment in the county jail for not less than one month nor more than two years, or by both such fine and imprisonment. *Held*, that the charge as given was fundamentally erroneous, and requires that the judgment of conviction be set aside.

Appeal from the County Court of Red River. Tried below before the Hon. W. E. Wootten, county judge.

The conviction in this case was for an aggravated assault and battery upon the person of William Johnson, in Red River county, on the the twenty-fifth day of April, 1885. The punishment assessed against the appellant was a fine of twenty-five dollars.

The motion for new trial raised the question discussed in the opinion.

*Sims & Wright,* for the appellant.

J. H. Burts, Assistant Attorney General, for the State.

WILLSON, JUDGE. This is a conviction for aggravated assault and battery. In his charge to the jury the judge stated that the penalty for this offense is a fine of not less than twenty-five dollars nor more than five hundred dollars, and imprisonment in the county jail not less than one month nor more than two years,. or by such fine without imprisonment. This instruction is erroneous in stating the maximum of punishment to be *five hundred* dollars, and that the punishment may be "by fine without imprisonment."

The language of the statute is as follows: "The punishment for an aggravated assault or battery shall be fine not less than, twenty-five nor more than *one thousand dollars*, or imprisonment in the county jail not less than one month nor more than two years, *or by both such fine and imprisonment*." (Penal Code, Art. 498.) However harmless may have been this error, it is fundamental, and requires the conviction to be set aside. (Gardenhire v. the State, 18 Texas Ct. App., 565; Howard v. The State, 18 Texas Ct. App., 344; Veal v. The State, 8 Texas Ct. App., 477.)

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*