### · L. D. GRAHAM v. THE STATE.

*No. 7053. Decided June 21.*

1. **Warrant.**—A County Judge is a "magistrate" within the provisions of the Criminal Code, and as such is authorized to issue warrants of arrest. It was not a valid objection to the warrant that it did not appear upon its face to have been issued by the county judge as a "committing magistrate."

2. **Same.**—The assault for which this prosecution and conviction was had was committed by the defendant upon an officer while resisting arrest by the said officer. The validity of the warrant upon which the arrest was attempted by the officer was assailed upon the ground that it did not state the christian name of the defendant, but only his surname, and that his christian name was unknown, and gave no other description of him. The proof shows, however, that the defect in the warrant was unknown to the defendant at the time of the assault, and that it in no degree influenced his conduct in committing the assault. *Held,* that for the purpose of this prosecution the warrant was sufficient.

3. **Practice—Evidence.**—On the trial the defense offered testimony to establish the defendant's reputation for good character. This testimony, however, related to the defendant's reputation at a time subsequent to the alleged offense, and not at the time of or prior thereto. *Held,* that, being irrelevant, the proof was properly excluded.

4. **Same—Penalty.**—Charge of the Court which erroneously instructs the jury as to penalty constitutes fundamental and reversible error even though it inures to the benefit of the accused. That the erroneous charge in this case related to a grade of offense of which the defendant was not convicted did not operate to cure the error.

APPEAL from the District Court of Milam. Tried below before Hon. J. N. Henderson.

The conviction was for assault with intent to murder, and the penalty assessed by the verdict was a term of two years in the penitentiary.

A statement of the facts proved on the trial is not essential to this report.

*Sam Streetman, J. L. Peeler,* and *W. K. Homan,* for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—Defendant's objections to the admission in evi-

dence of the warrant of arrest were properly overruled. It was not essen-
tial that the warrant should show that it was issued by the county judge
as a "committing magistrate." It was issued by the county judge and
signed officially by him, and the law declares such officer to be a magis-
trate, and vests him with the power to issue warrants of arrest. Code
Crim. Proc., arts. 42, 234. It is true that the warrant does not state the
full name of the accused, nor does it state that his name is unknown,
giving a description of him. It states his surname, and that his chris-
tian name is unknown. For the purposes of this case, we think the war-
rant sufficient. If the officer who had it in attempting to execute it had
committed homicide, we are not prepared to say that he could justify
under such warrant. Code Crim. Proc., art. 233; Alford v. The State,
8 Texas Ct. App. 545. In this case, however, the defect in the warrant
could not in any way have influenced the conduct of the defendant. He
had no knowledge of such defect. He knew, however, or at least he was
informed by the officer, that said officer had a warrant for his arrest, and
was endeavoring to execute it. He resisted the arrest, and in doing so
assaulted said officer with a deadly weapon. Such being the case, we can
not perceive how the defect in the warrant, if any, could in any manner
or to any extent avail the defendant. If he was being prosecuted for re-
sisting an arrest under such warrant the question would be quite a differ-
ent one, for in such a case it would devolve upon the State to show a valid
warrant of arrest.

There was no material error committed in rejecting the testimony of-
fered by defendant showing his good character. This testimony related
to a time subsequent to the commission of the alleged offense, and was
irrelevant and immaterial. No testimony was offered by him to show
that at and prior to the commission of the assault he bore the general
reputation of being a peaceable, law abiding man.

Objections are urged by counsel for defendant to the charge of the court,
but no exception save a general one was reserved. We think the charge
is a clear and almost perfect exposition of the law applicable to the nu-
merous issues presented by the evidence. It is as favorable to the de-
fendant as the evidence would warrant. We have found but one error
in it, and that is in the paragraph which states the punishment for an
aggravated assault and battery. This error is claimed by counsel for ap-
pellant to be fundamental, and therefore reversible error, the same as if
it had been specially excepted to at the trial. It has been repeatedly held
that if the charge incorrectly instructs as to the penalty of the offense it
is fundamental error for which the conviction will be set aside, although
the error be not excepted to, and although it may be an error inuring to
the benefit of the defendant. Willson's Crim. Stats., sec. 2348; Williams
v. The State, 25 Texas Ct. App., 76; Irvin v. The State, 25 Texas Ct.
App., 588. In this case the court instructed as to the penalty for an

aggravated assault as follows: "The punishment for an aggravated assault is by a fine of not less than twenty-five and not more than one thousand dollars, and by imprisonment in the county jail not less than one month and not more than two years, or by such fine without imprisonment." The vice in the instruction is that the jury could not assess *imprisonment without fine* as the punishment, whereas the punishment prescribed by the law permits imprisonment without fine as well as fine without imprisonment. Penal Code, art. 498. That this error does not relate to the offense of which the defendant was convicted does not render such error immaterial, as has been held by this court in Rodriguez v. The State, 8 Texas Court of Appeals, 129.

Because of said error, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.