## SEATON MOODY V. THE STATE.

*No. 3933.    Decided December 2.*

1.  .Assault with Intent to Murder — Failure to Define Malice Aforethought.—On a trial for assault with intent to murder, a charge of the court is fatally defective which fails to define malice, or malice aforethought, and the error is not cured by the definitions of express and implied malice.

2.  Aggravated Assault and Battery—Charge of the Court.—Article 498, Penal Code, provides as punishment for aggravated assault and battery a fine of not less than $25 nor more than $1000, or imprisonment in the county jail not less than one month nor more than two years, or by both such fine and imprisonment. And a charge which fails to instruct that "both such fine and imprisonment" may be imposed as punishment, is defective and erroneous.

APPEAL from the District Court of Rusk. Tried below before Hon. A. J. Booty.

Appellant was tried and convicted for assault with intent to murder, his punishment being assessed at two years in the penitentiary. The rulings in the opinion do not require a statement of the evidence.

*R. M. Mays, Charles L. Brackfield,* and *N. B. Morris,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—This is an appeal from a judgment of conviction for an assault with intent to murder.

The charge of the court, while it properly defines "express" and "implied" malice, fails to define "malice aforethought." The rule is well settled, that a charge of the court in a trial for murder, or an assault with intent to murder, which omits to define "malice" or "malice aforethought," the essential elements of these crimes, is erroneous, and such error is not cured by the definitions of "express" or "implied" malice. Crook v. The State, 27 Texas Ct. App., 200; Boyd v.

The State, 28 Texas Ct. App., 137; Callahan v. The State, *ante*, p. 275, and authorities therein cited.

Another fatal error in the charge of the court is as to the penalty for aggravated assault and battery. The court instructed the jury that the penalty was a fine of "not less than $25 nor more than $1000, or at imprisonment in the county jail at any time you see proper, not less than one month nor more than two years." As far as it goes, the charge is correct as to the penalty, but our statute goes further, and provides that there may be "both such fine and imprisonment." Penal Code, art. 498; Graham v. The State, 29 Texas Ct. App., 31. For these errors in the charge of the court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.