## BILL COLBERT v. STATE.

No. A-135.   Opinion Filed December 21, 1910.

INSTRUCTIONS—On Punishment. Where an instruction given only states the maximum term of imprisonment and omits to state the minimum or alternative punishment that may be imposed. Held, that the judgment and conviction must be reversed.

(Syllabus by the Court.)

*Appeal from District Court, Atoka County; A. T. West, Judge.*

Bill Colbert was convicted of the crime of larceny and appeals.   Reversed.

*J. M. Wilkins,* for plaintiff in error.

DOYLE, JUDGE.   Plaintiff in error was indicted, tried and convicted of the crime of larceny.   The jury assessed the punishment at two years' imprisonment in the state penitentiary.   The judgment and sentence was entered on December 7, 1908.   An appeal was taken by filing in this court, on April 15, 1909, a petition in error with case-made attached.

The offense is alleged to have been committed before statehood, and the indictment is based upon the act of Congress approved February 2, 1903, which provided:

"That any person, whether an Indian or otherwise, who shall hereafter be convicted in the Indian Territory of stealing any horse, mare, gelding, filly, foal, mule, ass, or jenny, or of steal-

ing, or marking, killing, or wounding with intent to steal, any kind of cattle, pigs, hogs, sheep, or goats, shall be punished by a fine of not more than one thousand dollars, or by imprisonment for not more than fifteen years, or by both such fine and imprisonment, at the discretion of the court." (Statutes at Large, vol. 32, part one, p. 792, chap. 350).

It is only necessary to notice the assignment which alleges that the court erred in instructing the jury that:

"In the event you find the defendant guilty, then you will assess his punishment, which is not over fifteen years in the state penitentiary."

We are of the opinion that the judgment must be reversed because of error of the court in failing to instruct as to the minimum and the alternative punishment prescribed by said act of Congress.

It appears that the plaintiff in error in this case is the identical party who was convicted and sentenced to life imprisonment in the district court of Pittsburg county for the crime of conjoint robbery; which judgment and sentence was, on appeal, affirmed at this term.

Judgment reversed.

FURMAN, PRESIDING JUDGE, and RICHARDSON, JUDGE, concur.