## SHERIDAN WILLIAMS v. STATE.

No. A-718.   Opinion Filed June 22, 1912.

(124 Pac. 330.)

LARCENY — Horse Stealing—Sentence—Instructions.  Act of Congress approved February 2, 1903 (chapter 350, United States St. at L., vol. 32, part. 1, p. 792), provided that a violation thereof: "Shall be punished by a fine of not more than one thousand dollars or by imprisonment for not more than fifteen years, or by both such fine and imprisonment." **Held**, that on a trial for a violation thereof the court erred in instructing the jury that the minimum punishment was five years imprisonment.

(Syllabus by the Court.)

*Appeal from District Court, Latimer County;*
*Malcolm E. Rosser, Judge.*

Sheridan Williams was convicted of grand larceny, and appeals. Reversed.

*J. E. Whitehead,* for plaintiff in error.

DOYLE, J.   The plaintiff in error, Sheridan Williams, was convicted in the district court of Latimer county, and sentenced to ten years' imprisonment in the penitentiary on an indictment returned by a grand jury at the March, 1909, term of said district court, charging him with stealing one certain bay horse, the property of one C. Thurston, on or about August 11, 1907. The judgment and sentence was entered October 20, 1909. From the judgment of conviction and from an order denying his motion for a new trial, he appeals.

The offense is alleged to have been committed before statehood, and the indictment is based upon the act of Congress approved February 2, 1903, as follows:

"Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled, that any person, whether an Indian or otherwise, who shall hereafter be convicted in the Indian Territory of stealing any horse, mare, gelding, filly, foal, mule, ass, or jenny, or of stealing, or marking, killing, or wounding with intent to steal, any kind of cattle, pigs, hogs, sheep, or goats, shall be punished by a fine of not more than one thousand dollars, or by imprisonment for not more than fifteen years, or by both such fine and imprisonment, at the discretion of the court." (U. S. St. at L., vol. 32, part 1, p. 792.)

Of the various assignments of error it is only necessary to notice those based upon two of the instructions given by the court as follows:

"(3) Whoever shall be convicted of stealing any horse or mare, or other animal of the horse kind, is guilty of a felony, and upon conviction shall be imprisoned in the penitentiary not less than five nor more than fifteen years."

To which instruction the defendant excepted.

"(7) If you convict the defendant, it will be your duty to assess his punishment at imprisonment for the period of not less than five nor more than fifteen years."

To which instruction the defendant excepted.

On the oral argument of the case the Attorney General confessed error on the ground that the court erred in misdirecting the jury as to the minimum punishment prescribed by said act of Congress. *Colbert v. State,* 4 Okla. Cr. 487, 113 Pac. 561. We are of opinion that the confession of error should be sustained. A defendant is entitled to have the jury assess the punishment on a correct statement of the law fixing the punishment. The defendant in the case at bar had the right to be tried under this act of Congress, and the trial court should have by proper instructions declared the punishment in pursuance of its provisions. For the failure of the trial court to so instruct, the judgment must be reversed.

We do not deem it necessary to review the other errors assigned. For the error confessed, the judgment is reversed.

FURMAN, P. J., and ARMSTRONG, J., concur.