CHARLES E. PATTERSON v. STATE.

No. A-6088. Opinion Filed September 14, 1929.
(280 Pac. 862.)

For former opinion, see 42 Okla. Cr. 255, 275 Pac. 387.

Mauntel & Spellman, Howard W. Patton, and Mathers & Whiteside, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Woodward county on a charge of robbery with firearms, and was sentenced to serve a term of 10 years in the state penitentiary.

On the 16th of March, 1929, this court handed down an opinion affirming the cause.   42 Okla. Cr. 255, 275 Pac. 387, 389. Defendant has filed a petition for rehearing, alleging in substance that the court erred in its conception of the facts as shown by the record and erred as to the law applicable thereto; the real question presented being, Was it reversible error for the trial court, over the exceptions and objections of the defendant, to instruct the jury that the minimum penalty for the crime charged was 5 instead of 25 years' imprisonment in the penitentiary?

In the original opinion filed on March 16, 1929, the court used the following language:

"In advising the jury as to the punishment for the crime charged, the court instructed them that the maximum penalty was death and the minimum punishment imprisonment for a term of not less than five years; the court evidently having in mind that chapter 44 of Session Laws of Oklahoma of 1925, was in force at the time of the commission of this offense. In this the court was in error. The punishment at that time was fixed by section 1, c. 85, of the Session Laws of Oklahoma 1923, and the minimum punishment was confinement in the penitentiary for a term of not less than twenty-five years. The court and county attorney should have been better advised. In Lilly v. State, 7 Okla. Cr. 284, 123 Pac. 575, Ann. Cas. 1914B, 443, it was said, in substance, that the punishment for an offense should be under the statutes as they existed at the time the offense is committed. See, also, Ensley v. State, 4 Okla. Cr. 49, 109 Pac. 250; State ex rel. v. McCafferty, 25 Okla. 2, 105 Pac. 992, L. R. A. 1915A, 639; Williams v. State, 7 Okla. Cr. 529, 124 Pac. 330."

In the recent case of Cornett et al. v. State, 40 Okla. Cr. 172, 267 Pac. 869, this court said:

"Where the court in its instructions submits to the jury a smaller penalty for the offense that than prescribed by law, but of the same kind, and where the defendant does not call the attention of the court to, nor except to, the error in defining the punishment, and a smaller penalty is assessed by the jury, the error being beneficial to defendant, the defendant upon appeal will not be heard to complain that such instruction is prejudicial. The error in such case is not reversible."

The difference between the case at bar and the Cornett and other cases cited by the state to support the verdict is that in the case at bar the instruction was excepted to by the defendant. Not only did the defend-

ant object to the giving of the instruction, but he excepted to the verdict of the jury when returned, and in his motion for new trial he assigned the giving of such instruction as error and that the verdict was contrary to law. In his petition in error and petition for rehearing in this court he alleges that the giving of this instruction is reversible error and that the verdict is contrary to law.

This court has held in a number of cases that, where the court in its instructions, submits to the jury a smaller penalty for the offense than that prescribed by law, but of the same kind and character authorized, and where the defendant does not call the attention of the court to, nor except to, such erroneous instruction defining the punishment, and a smaller penalty is assessed by the jury, the error being beneficial to the defendant, the defendant on appeal will not be heard to complain that such instruction is prejudicial. The error in such case is not reversible. Cornett v. State, supra; Coleman v. State. 6 Okla. Cr. 276, 118 Pac. 594.

All the authorities cited by the state in its reply brief are cases where the defendant saved no exceptions and requested no other and further instructions, and where the punishment was of the character authorized by the state, so that none of these cases are in point upon the question now under consideration by this court.

In the case of Beck v. State, 14 Okla. Cr. 3, 166 Pac. 753, this court in paragraph 2 of the syllabus said:

"A trial court has no authority to authorize the jury by his instructions to fix any punishment other than that provided by the statute."

In the body of the opinion, on page 6, of 14 Okla. Cr., 166 Pac. 754, this court discusses the precise point in issue in this case:

"For the purpose of disposing of this case, it is not necessary to determine the assignment based upon the instruction of the court authorizing the jury to fix the punishment at from one to ten years. It will be noted, however, that in this case the instruction was specifically objected to and the court's attention called to the fact that it did not state the law. When this objection was made and the court's attention directed to the specific point, it was error to give the instruction, and the court was wholly without warrant in doing so. The statute fixes the punishment for this offense at not less than two years nor more than ten years, and the trial court had no right to substitute the minimum of one year for the minimum of two years as fixed by the law of the land.

"We are not unmindful of the doctrine announced in the case of Coleman v. State, 6 Okla. Cr. 252, 118 Pac. 594, and the authorities there cited. It does not appear from the Coleman Case that the instruction was given over the objection and exception of the accused, nor does it so appear from the quotations in any of the cases relied upon to support that opinion. A careful examination of all of these opinion has not been made by the writer. We know of no sound rule of law, however, that allows the trial court to substitute his instructions for the statute as promulgated by the lawmakers. A trial court will sometimes inadvertently make these mistakes, and when they are acquiesced in by counsel for the defendant, and no objection is made and no exception reserved, and when the punishment is of that character authorized by the statute, there might be some warrant for upholding a judgment of conviction, and it is probable the class of cases quoted in the Coleman Case, supra, was the class the various courts were considering. This would not be sound policy, however, when the action taken by the court was over the objection and exception of a defendant."

The people speaking through the Legislature enact the law and fix the penalty for its violation. No one will contend that the defendant would have any right to ask a penalty less than that fixed by the Legislature. Cer-

tainly if the defendant cannot do so neither could the state. Trial judges are human, and are more or less moved or controlled by the influences, impulses, and desires that move humanity in general. The Legislature fixed the penalty for robbery with firearms at a minimum of 25 years in the penitentiary or death as the maximum. If a trial judge may say that the minimum penalty for robbery with firearms is 5 years when the Legislature has said 25, then he may go further and say that the minimum punishment would be only one day.

The Constitution provides that one who barters, sells, gives away, or otherwise furnishes intoxicating liquors shall be fined not less than $50 and confined in the county jail for a period not less than 30 days. If the trial judge, because he feels that the penalty inflicted for such offense is excessive, may instruct the jury over the objection of the defendant or the state that the minimum fine is $1 and the imprisonment one day in the county jail, then such judge has power to overthrow and destroy the Constitution of this state. To state such a proposition is to at once prove its falsity. The penalty may not be fixed according to the whim or notion of the trial judge, but must be fixed according to the standard set by the people as expressed by the law of the state. As was well said by this court in Beck v. State, supra:

"A trial court has no authority to authorize the jury by his instructions to fix any punishment other than that provided by the statute."

In the case at bar the instruction was erroneous. The defendant excepted to it, and strenuously insists that it is not the law. The state should have excepted to it also and pointed out to the trial court what the law was.

In the Texas case of Washington v. State, 68 Tex. Cr. R. 589, 151. S. W. 818, 819, a case turning upon the misdirection of the jury as to punishment, the court says:

"If the ruling of the court, being erroneous, leads or probably leads to * * * a conviction when it would not otherwise have occurred, * * * then * * * the error is fatal, and the judgment should be reversed."

See, also, Dekelt v. People, 44 Colo. 525, 99 Pac. 330; Bostic v. State, 22 Tex. App. 136, 2 S. W. 538; Graham v. State, 29 Tex. App. 31, 13 S. W. 1013; Moody v. State, 30 Tex. App. 422, 18 S. W. 94; State v. Milligan, 170 Mo. 215, 70 S. W. 473; State v. Sands, 77 Mo. 118; Bird v. State, 154 Ark. 297, 242 S. W. 71; James v. State, 53 Ala. 380.

The question involved in this case is so important and far-reaching in its effect that this court cannot say that the error complained of is a harmless one. There are two equally interested parties in a criminal case, the state and the defendant. Each of the parties has rights which the courts are bound to protect. The state has a right to have the court tell the jury what constitutes the crime and the punishment fixed by law for the commission of such crime. The defendant has the same right, and is equally interested with the state in having the court instruct the jury particularly as to what constitutes the offense and what the punishment for the same may be.

We are not unmindful of the fact that this court has many times held that it will not reverse a conviction on the ground of the misdirection of the jury, unless it appears from an examination of the entire record that the error complained of has probably resulted in a mis-

carriage of justice or constitutes a substantial violation of the Constitution or statutory rights of the defendant.

To say that the giving of an instruction over the exceptions of the defendant or the state, authorizing the jury to fix a penalty less than that prescribed by statute, is harmless error, is to destroy such doctrine. This court absolutely cannot disregard error of such magnitude and fundamental import. If an error of this nature is passed over as harmless, then every safeguard that the law and the decisions have erected to insure a fair trial can be overthrown and disregarded by the court with a wave of the hand and a passing deference to the doctrine of harmless error.

For the reasons stated, the opinion heretofore rendered in this cause affirming the conviction is vacated and set aside, and the cause reversed and remanded, with directions to the trial court to proceed with the trial of the case in conformity with the law.

DAVENPORT, J., concurs.

EDWARDS, P. J., dissents.