## CHARLIE PATTERSON v. STATE.

No. A-8037.    Jan. 30, 1932.
Rehearing Denied Feb. 19, 1932.

(12 Pac. [2d] 702.)

Mauntel & Spellman, Freeling & Box, and Owen F. Renegar, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Woodward county of the crime of robbery with firearms in the robbing of the Sharon State Bank of said county, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of 32 years.

Defendant was charged in 1925, and upon conviction appealed to this court. The case was reversed September 14, 1929, being reported in 44 Okla. Cr. 298, 280 Pac, 862.

On May 19, 1930, the case was again tried with verdict and judgment as above set forth, and is again before this court on appeal.

Defendant contends that the court erred in overruling his objection to the introduction of evidence at the beginning of the trial, for the reason that he had not been served with a list of the witnesses to be called by the state at least two days before the case was called for trial.

It appears from the record that on the 12th day of September, 1925, the state served upon the defendant a list of the witnesses to be used against him in the trial of the case; that on September 28, 1925, an additional list of witnesses was served upon defendant; that on the 6th day of March, 1930, the court ordered the names of additional witnesses indorsed upon the information; and that this order was served by the sheriff upon the defendant.

Article 2, section 20, of the Constitution provides, among other things:

"* * * And in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses."

This requirement is to enable defendant to interview the witnesses, to ascertain if possible what they will testify to, and to learn something of their character in the community where they reside to enable him in his defense to meet their testimony.

Where, in a case like the one at bar, the list of witnesses was served on the defendant more than two days before the trial, and where, upon appeal to this court from a conviction, the cause is reversed, it is not necessary for the state to again serve its list of witnesses upon the defendant.

Defendant next contends that the evidence is insufficient to support the verdict of the jury.

Jack Brackett and R. B. Brackett, owners of the Sharon State Bank, positively identified the defendant as one of the robbers; L. E. Wheeler and Pearl L. McNeil testified to seeing defendant in Sharon that morning, near the front of the bank.

There can be no doubt from this evidence of the guilt of defendant.

The cause is therefore affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.