## FRANK GREEN v. STATE.

No. A-8432. July 21, 1933.
(24 Pac. [2d] 301.)

L. Z. Lasley, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. An opinion affirming this case was rendered on the 18th day of November, 1932. Petition for rehearing was duly filed and upon consideration was granted and the opinion withdrawn.

Defendant in his petition for rehearing calls the court's attention to that part of instruction No. 3 where the trial court said:

"Any person convicted of violating the last preceding paragraph of these instructions is guilty of a felony and shall be punished by imprisonment in the state penitentiary for any period of time not less than one year nor more than five years."

Defendant excepted to the giving of this instruction and assigned the same as error in his motion for a new trial and in his petition in error in this court.

Under this instruction and other instructions, the jury found the defendant guilty and fixed his punishment at imprisonment in the state penitentiary for a period of one year.

The record discloses that defendant filed his motion for a new trial, which was by the court granted; that later, on motion of the county attorney, the court withdrew this order granting a new trial and proceeded to render judgment on the verdict of guilty, fixing his punishment at a fine of $50 and imprisonment in the county jail for a period of 30 days.

In Beck v. State, 14 Okla. Cr. 3, 166 Pac. 753, this court said:

"A trial court has no authority to authorize the jury by his instructions to fix any punishment other than that provided by the statute."

Patterson v. State, 44 Okla. Cr. 298, 280 Pac. 862, announces the same rule.

The case at bar differs from Cornett v. State, 40 Okla. Cr. 172, 267 Pac. 869, and other similar cases, in that the court instructed the jury that the punishment was less than that fixed by statute and no exceptions or objections were taken to the instructions or verdict, nor any question raised in the motion for a new trial. In those cases the

court said since the error was beneficial. to defendant, he could not be heard to complain. In Patterson v. State, supra, while the instruction was favorable to defendant, yet this court said it was reversible error where the court, over objection of defendant, instructed the punishment was less than that fixed by law, while in the case at bar the court instructed the jury the minimum punishment was imprisonment in the penitentiary for one year, when under the statute (St. 1931, § 2622) it was a fine of not less than $50 nor more than $2,000, and imprisonment for not less than 30 days in the county jail nor more than five years in the state penitentiary.

For error in giving the instruction complained of, the cause is reversed.

EDWARDS, P. J., and DAVENPORT, J., concur.