James William **FIELDS**, Jr., Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–73–88.

Court of Criminal Appeals of Oklahoma.

Nov. 7, 1973.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, James William Fields, Jr., hereinafter referred to as defendant, was charged, tried, and convicted in the District Court, Oklahoma County, Case No. CRF–72–2256, for the offense of Uttering a Forged Instrument. His punishment was fixed at two (2) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Everett King testified that on September 19, 1972, he was the operator

of King's Redbud Food Store in Oklahoma City; that at approximately 4:15 p. m., defendant came into the store and presented a check, State's Exhibit No. 1, to him to cash. He testified that he had previously been alerted that a check from Wallace Electric Company had been stolen in a burglary. He told the defendant that he would have to verify the check. After making a telephone call, he told the defendant the police were on their way and that the defendant would have to wait until they arrived. Defendant replied, "I'm not waiting," and tried to run out of the store. He and other employees of the store caught the defendant and held him. Defendant was physically restrained until the police arrived. On cross-examination he testified that the defendant presented the check to him to cash and only after he started making inquiries did the defendant ask if the check was any good. He testified that he did not ask defendant for any identification nor did he ask him to endorse the check.

Gary Norris testified that he was an employee of the grocery store on the afternoon in question and assisted in stopping defendant as he was trying to leave the store. He and other employees put the defendant in the cashier's cage and defendant jumped over the cage and attempted to leave again.

Otis Wallis testified that he was an electrical contractor and did business under the name of Wallace Electric Company. He identified State's Exhibit No. 1, as being one of his company's checks taken in a burglary of his office. He testified that the signature appearing on State's Exhibit No. 1 was not his signature. He did not give any permission to sign his signature to the check. He testified that he did not know the defendant and the defendant had never been employed at his company.

Officer Perry Wilson testified that he answered a call to the grocery store and took custody of the defendant and State's Exhibit No. 1.

Detective Ruben Clark testified that he interrogated defendant at police headquarters on September 20th, after first advising him of his Miranda rights. Defendant acknowledged that he understood his rights and stated that State's Exhibit No. 1 had been given to him by some unknown person at a beer tavern. He admitted attempting to cash the check.

Defendant did not testify nor was any evidence offered in his behalf.

■ The first proposition asserts that the trial court erred in failing to sustain defendant's demurrer to the evidence, and that the verdict is not substantiated by evidence. Defendant argues that the State failed to prove one of the essential elements of uttering a forged instrument in that the check was never endorsed and thus was not uttered. We disagree. Everett King testified that defendant presented the check to him to be cashed. In Hill v. State, Okl.Cr., 266 P.2d 979, this Court defined "utter" as follows:

"To 'utter' as used in the statute against forgery, and counterfeiting means to offer, whether accepted or not, a forged instrument, with the representation, by words or action, that the same is genuine."

We therefore find this proposition to be without merit.

■ The second proposition contends that the trial court erred in failing to give defendant's requested instruction on defendant's theory of the case. The record reflects that the defendant requested the following instruction:

"You are instructed that under the law to utter a forged instrument is to declare and assert directly or indirectly by words or action that it is good. If you find from the evidence that the check was not endorsed by the purported payee you may consider this in determining whether the said check was uttered and presented for payment. If you fail to find that the State has proven to you beyond a reasonable doubt that the Defendant knowingly uttered the said forged check then you must find the Defendant not guilty."

We are of the opinion that the trial court properly refused defendant's requested instruction. For the reason stated in proposition one, we are of the opinion that there is no requirement that a check be endorsed prior to it being presented for payment to constitute an uttering. In Bell v. State, Okl.Cr., 381 P.2d 167, we stated in the eighth syllabus:

"A defendant is entitled to an instruction covering his theory of defense, even though under the facts it may appear ridiculous, but even under such conditions the instructions must correctly state the law. If such an instruction cannot be prepared on defendant's theory within the provisions of law, then trial court is not required to so instruct."

We further observe that the question of defendant's intent was submitted to the jury under a proper instruction.

■ The third proposition asserts that the court erred in giving an instruction on flight that was highly prejudicial and kept the defendant from having a fair and impartial trial. We have carefully examined the trial court's instruction and are of the opinion that the instruction correctly states the law. We further observe that although defendant objected to the trial court's instruction, that defendant did not offer suggested instructions as an alternative. In Farrar v. State, Okl.Cr., 505 P.2d 1355 we stated:

"In addition, it is noted by this Court that while counsel for defendant made timely objections to challenge instructions, he does not state suggested instructions as an alternative. Having failed to do so, defendant has waived the right to challenge the objectional instructions on appeal."

■ The fourth proposition contends that the trial court erred in failing to grant defendant's motion for mistrial where the State produced evidence tending to show that the defendant had committed other crimes. The defendant first objects to the testimony concerning the burglary of the electric company wherein the check was stolen. We are of the opinion that

this testimony was properly admitted. In Griffin v. State, Okl.Cr., 490 P.2d 1387, we stated:

"The defendant argues that the trial court permitted evidence of another crime by allowing the witness Newman to testify concerning the theft of her purse. We are of the opinion that the loss of the checks was a fact that had a direct and clear relationship to the crime of Uttering a Forged Instrument. In Harris v. State, Okl.Cr., 450 P.2d 857 (1969), we stated:

" 'If evidence is logically pertinent in that it reasonably tends to prove a material fact in issue, it is not to be rejected merely because it incidentally proves the defendant guilty of another crime.' "

■ Defendant next complains that the District Attorney brought out the fact the defendant was carrying a switchblade knife at the time of his arrest. The record reflects that witness King testified on direct examination as follows:

"Q. All right. Did you call the police?

A. Yes, sir, we did.

Q. And the police arrived?

A. Yes, sir.

Q. What happened after they arrived?

A. They placed him under arrest and then they searched him and found a concealed weapon on him, a switchblade knife.

MR. HAMILTON: If the Court please, I move for a mistrial. That's highly prejudicial and I don't see how an admonishment by the Court will correct that. It's an evidentiary harpoon brought out by the District Attorney's office. There's no way we can correct it.

MR. RYAN: That's not the question I asked, Your Honor. I'm sorry." (Tr. 7)

We are of the opinion that the witness' response was an evidentiary harpoon, however we do not deem the same to be fundamental error in view of the overwhelming evidence of defendant's guilt.

The final proposition contends that the circumstantial evidence is insufficient as a matter of law to establish guilt beyond a reasonable doubt. We disagree. In Hill v. State, supra, wherein the facts were quite similar to the instant case, the court stated:

"We think the circumstantial evidence was entirely sufficient to sustain the conviction. The proof showed defendant in possession of the forged prescription. He presented it to the druggist to be filled. A strong circumstance indicating his knowledge of the false character of the prescription was the fact that when the druggist refused to fill the prescription and walked to the telephone for the purpose of calling the officers, the accused fled from the store. The handing of the forged prescription to the druggist to be filled was an uttering as that term is hereinabove defined."

The judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.