WAY *v.* THE STATE.

CRIMINAL LAW.—*Presumption.*—The possession of articles recently stolen raises a presumption of guilt. But this presumption is not conclusive, and may be overcome by proper evidence.

SAME.—*Evidence.*—Defendant was charged with stealing a shawl and vest on June 1st, 1870. The shawl was found in his possession on July 12th of said year. On the trial, the defendant proved that in said month of June or July he purchased from a stranger a gun and shawl, or army blanket, which looked like the shawl found in his possession. He then offered to prove that said gun was the same as that found in his possession as aforesaid.

*Held,* that the offered evidence was competent to go to the jury.

APPEAL from the Wayne Criminal Court.

BUSKIRK, J.—The appellant was indicted for the larceny of a shawl and vest, the property of one John C. Reed, was tried by a jury, found guilty, and sentenced to one year's imprisonment in the state prison, where he now is.

There was a motion for a new trial made and overruled, and proper exceptions taken. The evidence is in the record by bill of exceptions. There was a motion in arrest of judgment, which was overruled, and an exception was taken.

The reversal of this case is mainly insisted upon for the alleged error of the court in excluding, over the objection

of the appellant, competent and material evidence from the jury.   It appears, from the bill of exceptions, that the shawl charged to have been stolen was found by the sheriff in the defendant's possession on the 12th day of July, 1870.   It was also shown by the testimony of one Ferdinand Dye, that in the month of June or July of that year, "he saw the defendant buy of a stranger a gun and an army blanket or shawl; he thought it was an army blanket, but paid little attention to it.   It was gray, and in appearance looked like the shawl before him" (which had been proven to be the one stolen).

The appellant then offered to prove by the sheriff, then in court, that the gun then in the court house was the same found by him in the defendant's possession on the 12th day of July, 1870; but the prosecuting attorney objected, and the court sustained the objection, and the testimony was excluded.   The appellant then offered to prove, by the said Ferdinand Dye—a competent witness then present—that said gun, found by the sheriff in the possession of the said defendant on the 12th day of July, 1870, was the identical same gun he saw said defendant buy of a stranger in June or July, but the State, by her prosecuting attorney, objected, and the objection was sustained, and the testimony was overruled.

These rulings were clearly erroneous and prejudicial to the rights of the appellant.   The appellant was charged in the indictment with the stealing of a shawl and vest.   There was no positive evidence that he had stolen the articles charged.   The State demanded his conviction upon the proof that Reed had lost the articles, and that the same were recently afterwards found in the possession of the appellant.   The possession of articles recently stolen—the possession being unaccounted for—raises a presumption that the person in whose possession the same are found is the thief.   This presumption is not conclusive, but may be repelled and overcome by evidence showing, or tending to show, how the accused came into the possession of the

goods. The appellant offered to overcome this presump-
tion by proof that he had come into the lawful possession
of the goods by purchase from a stranger. He was permit-
ted and did prove that he had, in June or July, 1870, pur-
chased a gun and an army blanket, or shawl, from a stranger,
but the witness was unable to fix the precise time when such
purchase was made, or to identify with certainty the blanket
produced on the trial as the one he saw him purchase. The
larceny is charged in the indictment to have been commit-
ted on the first day of June, and, at all events, it must have
been prior to the 12th of July, when the shawl was found
in the possession of the defendant. If this testimony had
been admitted by the court, it would have strongly tended
to establish the fact, about which the witness Dye was
not clear, that the purchase which he saw the defendant
make was prior to the 12th day of July, and this testimony
would certainly have had a legitimate and proper bearing
upon the minds of the jury in determining whether it was a
blanket or a shawl he saw the defendant purchase. It was
not pretended, on the trial, that the gun which was found in
the possession of the defendant, and was produced in court,
was the property of Reed, and that it had been stolen. The
issue in the case was as to the guilt or innocence of the
defendant in stealing a shawl and vest, the property of said
Reed, and the defendant had the undoubted right to repel
the presumption of guilt which attached to him by reason
of the stolen property being found in his possession. But
we have shown that this presumption is not conclusive.
The presumption is overcome when the party, in whose pos-
session the stolen property is found, proves that he pur-
chased the property from another person; and it is weak-
ened when the party charged proves facts naturally tending
to show that he bought the property, and did not steal it.
The evidence offered and excluded had a tendency to dis-
prove the charge, by showing that the defendant, prior to
the time when the property was found in his possession,
purchased a gun, and probably the stolen shawl, of a

stranger. The evidence offered as to the gun, if it had been admitted, would have identified it as the gun bought in Dye's presence, and might have had some influence on the minds of the jury in determining the question about which Dye was uncertain, and that was, whether it was a blanket or a shawl he saw the defendant purchase. Innocent men are frequently found in the possession of stolen property, and if, when accused of the larceny, they are denied the right of proving facts tending to show that they came into the possession of the stolen property honestly and lawfully, great injustice would be done. This principle of law is so well settled by elementary writers, by adjudicated cases, and the plainest principles of justice, that we de not feel called upon to cite authorities in support of it.

The court erred in excluding the evidence. The conclusion to which we have arrived renders it unnecessary for us to express any opinion upon the question presented by the motion in arrest of judgment.

The judgment is reversed, with costs, and the cause is remanded, with directions to the clerk to certify this opinion immediately, and for the return of the defendant from the state prison to the jail of Wayne county, and to the court below to grant a new trial, and for further proceedings in accordance with this opinion.

*W. A. Peele* and *H. C. Fox*, for appellant.

*B. W. Hanna*, Attorney General, for the State.