## DAN ASKEW v. UNITED STATES.

No. 772.   Opinion Filed March 29. 1909.

(101 Pac. 121.)

1.   **LARCENY—Possession of Stolen Property—Inference of Fact.** The inculpatory inference to be drawn from the possession of property recently stolen is not a presumption of law, but is a deduction of fact to be drawn by the jury alone, unforestalled by any instructions from the court upon the weight of the evidence,

2.   **SAME—Evidence—Instructions.** It is error in a larceny case for the court to instruct the jury as follows: "The· unexplained possession, if there should be such unexplained possession, of recently stolen property, is prima facie, but not conclusive, evidence of his guilt."

(Syllabus by the Court.)

*Appeal from the United States Court for the Southern District of the Indian Territory; J. T. Dickerson, Judge.*

Dan Askew was convicted of larceny, and appeals. Reversed.

On the 11th day of January, 1902, Dan Askew (hereinafter called defendant) was indicted by the grand jury of the United States Court for the Southern District of the Indian Territory, sitting at Ardmore, for the offense of the larceny of three horses,

the property of Hogan Keel, and one horse, the property of Tip Graham, who was not then and there a member of any Indian tribe or nation. On the 20th day of December, 1903, the case was transferred upon motion of the defendant to the United States Court sitting at Ada. Defendant was tried and found guilty of the offense charged, and has prosecuted an appeal which is now before this court for determination.

Crawford & Bolin, Robert E. Lee, and Stilwell H. Russell, for appellant.

Charles West, Atty. Gen., and E. G. Spilman, Asst. Atty. Gen., for the United States.

FURMAN, PRESIDING JUDGE. (after stating the facts as above.) It is not deemed necessary to consider more than one of defendant's assignments of error, and to this one the Attorney General has filed the following confession of error:

"The fifth assignment of error presented by appellant is that 'the court erred in its instructions to the jury in the following: "The unexplained possession, if there should be such unexplained possession, of recently stolen property, is prima facie, but not conclusive, evidence of his guilt." '

"Exception was taken to this charge of the court at the time it was given, and in view of the holding of this court in the case Slater v. United States, 1 Okla. Cr. 275, 98 Pac. 110, in which the opinion was rendered by Chief Justice Furman, it is not considered necessary in presenting this case to do more than call the attention of the court to that case, which held: 'It is error to instruct a jury that the possession of property recently stolen raises a presumption against the party having such possession, which requires an explanation from him; this being a charge upon the weight of the evidence.'

"The case under consideration here is even stronger than that of Slater v. United States, for in the case at bar the court instructed the jury that the possession of recently stolen property is prima facie evidence of his guilt, whereas, in the Slater Case, the trial court in its instructions went no farther than to state that the possession of recently stolen property is a presumption against the party having possession. The court held in the latter case that: 'The effect of this instruction is to inform the jury that the pos-

session of property recently stolen raises a legal presumption of guilt against the party having it in his possession, and that the law requires an explanation from him of such possession. We do not so understand the law. In the case of *Oxier v. United States,* 1 Ind. T. 91, 38 S. W. 332, Judge Lewis says: "The later and the sounder and the better rule is believed to be that which makes the presumption, arising from the possession of recently stolen property, not a presumption of law, but of fact; in other words, an inference to be drawn or not, as the jury may determine in the light of all the evidence.' "

"This court cites with approval in this connection the case of *Blair v. Territory,* 15 Okla. 550, 82 Pac. 653, and holds: 'The instruction complained of was upon the weight of the evidence, which is for the determination of the jury, and was therefore error.'

"It follows, therefore, if the court adheres to the rule laid down in *Slater v. United States,* and the rule therein enunciated by the court seems to be both forceful and logical, that fatal error was committed by the trial court in giving the jury the instruction complained of under the head of fifth assignment of error, and that this case should be reversed and remanded."

In addition to the authorities cited in the case of *Slater v. United States,* 1 Okla. Cr. 275, 98 Pac. 110, we find the same principle clearly stated by the Supreme Court of Arkansas as follows:

"Evidence was adduced at the trial tending to prove that the defendant denied having in his possession any of the stolen goods, and that, immediately after this denial, and soon after the larceny was committed, a part of them was found in his possession. Defendant introduced testimony to show that a part of the goods so found had been purchased by him, and that those which had not been purchased were given to him, and that at the time when the offense charged in the indictment was committed he was not at the place where the goods were stolen. Upon this evidence instructions were given to the jury over the objection of the defendant.

"The circuit court undertook to say to the jury what weight they might attach to the denial of the defendant as to the possession of the stolen goods, and the fact that a part of them was found in his possession immediately after the denial was made, and soon after they were stolen, and his failure to explain such possession.

It, in effect, instructed them that proof of the stealing of the goods and of these facts was sufficient to convict. This was error. It is within the exclusive province of the jury to determine, under the instructions of the court as to the law of the case, when the evidence is sufficient to convict. The court had no right to point out what inference may or should be drawn from particular facts in proof. Section 23 of article 7 of the Constitution expressly declares that judges shall not charge juries with regard to matters of fact. All the court had a right to say to the jury in regard to the facts mentioned was they might consider the evidence adduced to prove them, in connection with the other evidence introduced, and if, upon such consideration, they believed that the defendant was guilty beyond a reasonable doubt they should convict. *Haley v. State,* 49 Ark. 148, 4 S. W. 746; *Shinn v. Tucker,* 37 Ark. 581; *Fitzpatrick v. State,* 37 Ark. 239; *Keith v. State,* 49 Ark. 439, 5 S. W. 880." (*Blakenship v. State,* 55 Ark. 244, 18 S. W. 55.)

The Supreme Court of Indiana, in considering the question here presented, said:

"By instruction known as 'No. 7,' the court further said to the jury: 'If you should believe it to be true that the goods mentioned, or some portion of them, were stolen from Theophilus Wright about the time charged in the indictment, and that, shortly after that time, they, or some portion of them, were found in the exclusive possession of the defendant, such possession imposes upon the defendant the duty and burden of explaining his possession; and if he has failed to satisfactorily account as to how he came by the stolen property, or has given false account of how he came into possession of such stolen property, the law presumes that the defendant stole such property, and this presumption may be strong enough to justify you in finding the defendant guilty of larceny.'

"Although the appellant was convicted of the burglary, and not of the larceny, charged in the indictment, yet the course of the trial, including the instructions given by the court, made the question, as to whether the defendant had been guilty of larceny in connection with the burglary, a material one.

"The appellant has devoted the greater portion of his brief to an argument to show that the court erred in giving instruction No. 7, as above quoted.

"While the doctrine of this instruction may seem to be in substantial accord with some of the authorities which have fallen un-

der our observation, we are of the opinion that it laid down a harsher rule than can be supported by the weight of modern authority.

"In 3 Greenleaf, Evidence, § 31, it is said: 'We have heretofore adverted to the possession of the instruments or of the fruits of a crime as affording ground to presume the guilt of the possessor; but on this subject no certain rule can be laid down of universal application; the presumption being not conclusive but disputable, and therefore to be dealt with by the jury alone, as a mere inference of fact. Its force and value will depend on several considerations. In the first place, if the fact of possession stands alone, wholly unconnected with any other circumstances, its value or persuasive power is very slight; for the real criminal may have artfully placed the article in the possession or upon the premises of an innocent person, the better to conceal his own guilt. * * * It will be necessary, therefore, for the prosecutor to add the proof of other circumstances indicative of guilt, in order to render the naked possession of the thing available towards a conviction.' 2 Russ. Crimes, p. 337; *Curtis v. State,* 6 Cold. (Tenn.) 9; *State v. Brady,* 27 Iowa, 126; *State v. Creson,* 38 Mo. 372; *State v. Merrick,* 19 Me. 398; *State v. Floyd,* 15 Mo. 349; *Smathers v. State,* 46 Ind. 447; *Tuberville v. State,* 42 Ind. 490.

"In a prosecution for larceny, the fact that the stolen property is found upon the person of the defendant can always be given in evidence against him; but the strength of the presumption which it raises against the accused depends upon all the circumstances surrounding the case. *Engleman v. State,* 2 Ind. 91, 52 Am. Dec. 494.

"In the case of *State v. Hodge,* 50 N. H. 510, a leading and well-considered case, the Supreme Court of New Hampshire decided that the presumption thus raised was one of fact, and not of law; that there is no legal rule on the subject; that much depends on the nature of the property stolen, and the circumstances of each particular case; that: 'It is a presumption established by no legal rule, ascertained by no legal test, defined by no legal terms, measured by no legal standard, bounded by no legal limits. It has none of the characteristics of law. Whether it be found by the judge or the jury, the judge and the jury must be equally unconscious of the finding in it any semblance of a legal principle, however much good sense may appear in the result arrived at. Being a presumption of fact, it should, according to our practice, be drawn by the jury, and not by the court.'

"We regard this case as well supported by authority, and we feel it our duty to apply the doctrine enunciated by it to the case at bar. We think the court erred in saying to the jury, as it did in substance, that, in the absence of a satisfactory explanation of the possession of the stolen property, the law presumes that the defendant had stolen it; such a presumption being an inference of fact merely, and not amounting to a rule of law.

"Evidence in explanation of such possession may fall short of a satisfactory explanation, and yet be sufficient to acquit. If it creates a reasonable doubt, it practically rebuts the presumption of guilt. *Clacker v State,* 33 Ind. 412; *Way v. State,* 35 Ind. 409." (*Smith v. State,* 58 Ind. 343.)

The Supreme Court of Alabama holds as follows:

"The recent actual, unexplained possession of stolen goods is a fact from which the jury may infer the complicity of the defendant in the larceny. Whether it is sufficient evidence of guilt is a question for their determination. There may be cases in which it would stand alone, unconnected with any other criminating fact, and from it the jury would not probably infer guilt. Whether the inference is just and reasonable, whether the fact satisfies the minds of the jury as reasonable men, beyond all reasonable doubt, of the guilt of the accused, the court cannot determine." (*Underwood v. State,* 72 Ala. 220.)

The law as to the presumption arising from the possession of recently stolen property is clearly and correctly stated by the Texas Court of Appeals as follows:

"As a general rule, if a person in whose exclusive possession goods recently stolen are found fails to give a reasonable account of his possession when it is incumbent upon him to do so, the inference of guilt arising from the possession and the recent theft is sufficient to sustain his conviction for the theft. Nevertheless, this inculpatory inference is not a presumption of law. but is a deduction of fact to be drawn by the jury alone, unforestalled by any instructions from the court upon the weight of the evidence. But when this inculpatory possession constitutes the only evidence criminative of the accused, the case is one of circumstantial evidence alone, and the legal principles which control that species of proof should be given in charge to the jury." (*Lehman v. State,* 18 Tex. App. 174, 51 Am. Rep. 298.)

Adhering to our decision in the Slater Case, and in conformity

with the other authorities above cited, the judgment against the defendant is reversed and remanded for a new trial.

BAKER and DOYLE, JUDGES, concur.