### EARL BIDWELL v. STATE.

No. A-4464.   Opinion Filed Sept. 13, 1924.
(228 Pac. 614.)

(Syllabus.)

Evidence—Larceny—Instruction as to Recently Stolen Property in Possession of Accused—Inference and Presumption of Guilt Distinguished. An instruction to the jury, which in effect states that the finding of recently stolen property in the possession of the accused is not alone sufficient to sustain a conviction of larceny, but amounts merely to an inference of guilt, which must, to warrant a conviction, be supported by other independent evidences of guilt, is sufficient under the circumstances in this case.

    (a) Inference of guilt and presumption of guilt distinguished.

Appeal from District Court, Cotton County; A. S. Wells, Judge.

Earl Bidwell was convicted of grand larceny, and he appeals. Affirmed.

P. Mounts and P. K. Morrill, for plaintiff in error.

The Attorney General, and N. W. Gore and J. Roy Orr, Asst. Attys. Gen., for the State.

BESSEY, J.   Earl Bidwell, plaintiff in error, here designated the defendant, was on April 7, 1922, in the district court of Cotton county, convicted of grand larceny, with his punishment fixed at confinement in the penitentiary for a term of two years.

The evidence indicates that the defendant, by stealth and without the consent of the owners, took and carried away a number of automobile casings and tubes, of the aggregate value of $200. This property was found under lock and key in the rear compartment of the automobile belonging to the defendant. The defendant claimed that he had no knowledge as to who placed the property in his car or the circumstances surrounding the theft.

The testimony discloses that the defendant went to an automobile repair shop, where these and other tires and tubes were, and requested the persons there in charge to repair a tire for him, marking the tire with an assumed name. Later a number of tires and tubes were found to be missing from the rack of shelves where they were kept, and when the defendant, at about 10 o'clock that night, sought to drive away with his automobile, he was detained and his car searched. Upon sawing off the lock to the rear compartment of the car, these stolen tires and tubes were found in the compartment, and upon further search the key to the lock was found hidden in the lining of the car.

The jury, under all the circumstances, were fully justified in believing the witnesses for the state and rejecting the explanation of the defendant, to the effect that he knew nothing about how this property happened to be locked in the rear of his car.

Practically the only question presented for this court's consideration upon this appeal is the alleged error in instruction No. 6 given by the court, excepted to by the defendant at the time, as follows:

"You are instructed that the possession of property recently stolen, unexplained, does not constitute a presumption of guilt, but creates an inference of guilt which may be sufficient, with other criminating circumstances tending to con-

nect the defendant with the larceny, to warrant a conviction. And you are instructed that, if the property was stolen, and placed in the accused's car after being stolen, his failure to account for such possession is a circumstance tending to show guilt, and he must explain the possession in order to remove its effect as a circumstance to be considered with other suspicious facts, if the evidence show any; but the mere finding of the property recently stolen in the defendant's car is not sufficient alone to warrant a conviction."

By this instruction the trial court told the jury that the possession alone was not sufficient to warrant a conviction, and sufficiently drew a distinction between a presumption of guilt and a mere inference. To state this distinction clearly is often difficult; whether the court's statement was the clearest statement that could have been made need not here be decided. The instruction as given, under all the circumstances, was fair to the defendant. The circumstances as a whole amounted to more than an inference; there was proof of facts and circumstances indicative of guilty knowledge and actual personal participation in the felonious taking of the property. And in reaching this conclusion we have not overlooked the cases of Cox v. Territory, 2 Okla. Cr. 668, 104 Pac. 378, Pickering v. U. S., 2 Okla. Cr. 197, 101 Pac. 123, and Askew v. U. S., 2 Okla. Cr. 155, 101 Pac. 121, in all of which the expressions "presumption of guilt" and "prima facie evidence" were used in instructions without qualification.

The judgment of the trial court is affirmed.

MATSON, P. J., and DOYLE, J., concur.