Grady Lee SISK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16516.

Court of Criminal Appeals of Oklahoma.
March 31, 1971.

Grady Lee Sisk was convicted of Indecent Exposure; he was sentenced to eight (8) years imprisonment; and he appeals. Affirmed.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Grady Lee Sisk, hereinafter referred to as "defendant," was charged, tried and convicted in the District Court of Oklahoma County of the offense of Indecent Exposure, his punishment was fixed at eight (8) years imprisonment and from said Judgment and Sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the ·trial revealed that Georgia Lee Slater was ten years old, lived at 1306 N.W. 2nd in Oklahoma City and was in the fifth grade. She testified that she observed the defendant at the laundry one night talking to her mother. The next morning between 6:00 A.M. and 7:00 A.M. she saw defendant at her bedroom window. Defendant got a chair from the back porch, put it at the window and stood in it playing with his private parts. She tried to awaken her sister and defendant left.

Officer Eulberg of the Oklahoma City Police Department investigated the matter about 7:00 A.M., January 27, 1970, at 1306 N.W. 2nd and saw a chair placed outside the bedroom window. On the chair seat was a moist substance that appeared to be semen.

Officer Campbell of the Oklahoma City Police Department accompanied Eulberg, and his testimony was substantially the same as Eulberg's.

Virginia Dunham testified that she was manager of the Woodbrier Apartment complex in Warr Acres and that defendant was employed there as yardman and laundryman. He worked there three hours on January 27, 1970, commencing before 8:30 A.M. Defendant lived at around 10th and Meridian, which was about a 25 minute drive from downtown Oklahoma City.

The defendant did not testify.

■ The first proposition of error contends that the verdict is not suppported by the evidence. This Court has consist-ently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh evidence and determine the facts. Williams v. State, Okl.Cr., 373 P.2d 91.

 The second and final proposition asserts that the punishment is excessive. This Court has consistently held that it is without authority to modify a sentence unless we can conscientiously say under all the facts and circumstances the sentence was so excessive as to shock the conscience of the Court. Roberts v. State, Okl.Cr., 473 P.2d 264. We cannot say from the foregoing recital of facts that the sentence shocks the conscience of this Court. The Judgment and Sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.