Alfonso Leon **THOMAS**, Plaintiff in Error,

v.

The **STATE** of Oklahoma, Defendant in Error.

No. A–16685.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1971.

An appeal from the District Court of Oklahoma County; Jack R. Parr, Judge.

Alfonso Leon Thomas was convicted for the crime of Grand Larceny; he was sentenced to three years imprisonment, and appeals. Judgment and sentence affirmed.

Charles W. Adams, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Alfonso Leon Thomas, hereafter referred to as defendant, was charged, tried, and convicted with his co-defendant, Booker T. Ervin, in the District Court of Oklahoma County, case no. CRF–70–2852, for the offense of Grand Larceny; his punishment was fixed at three years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court. Defendant was represented by counsel of his own choice, Mr. Charles Adams of Oklahoma City.

Briefly stated, the evidence at the trial adduced that on September 28, 1970, Officer Sheldon and his partner were riding patrol. He testified that he noticed a car pull into the alley of the 1900 block on Northeast Twenty-Third Street, turn off its headlights, proceed slowly to about 1912 Northeast Twenty-Third Street, and stop. Two persons, whom he identified in court as defendant and his co-defendant, Booker T. Ervin, jumped out of the car and hurriedly commenced loading copper tubing and coils into the car. The officer asked them if the property belonged to them, and they answered it did not. The pieces of copper appeared to have been freshly cut.

Officer Finney, Oklahoma City Police Department, testified that he and his partner were summoned to the scene, in aid of Officer Sheldon, arriving about 11:00 P.M. Officer Finney went up on the roof of the building at 1900 Northeast Twenty-Third, and there observed an air conditioning unit from which copper tubing of the same size as that in the alley had apparently been freshly cut. Officer Finney related that he had formerly been a metal smith and had worked with copper. In his opinion the copper had been cut within two or three hours.

Mrs. Sam Huddleston testified that she owned the building at 1900 Northeast Twenty-Third, and that it had an air conditioning unit on the roof, from which over 80 feet of copper tubing was missing. The tubing was worth $2.35 per foot.

Neither the defendant, nor the co-defendant, Ervin, testified, nor was any evidence offered in their behalf. Both defendants entered a demurrer to the evidence, which was overruled.

Defendant offers only one proposition in his brief which asserts that the verdict is not supported by the evidence. We have repeatedly held that where there is competent evidence in the record, even though circumstantial, from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict since it is the exclusive province of the jury to weigh the evidence and to determine the facts. Jones v. State, Okl.Cr., 468 P.2d 805 (1970).

Although this Court has held in many cases that possession of recently stolen property is not of itself sufficient to authorize conviction for the crime of larceny, it has also been held that evidence of possession of recently stolen property, along with other circumstantial evidence which is sufficiently incriminating, is sufficient to sustain a conviction.

In Love v. State, 319 P.2d 317, 321 (1957), this Court stated:

"This Court has held that possession of recently stolen property is not of itself sufficient to authorize conviction of the accused for the crime of larceny, but that possession of recently stolen property creates an inference of fact which, to-

gether with other incriminating circumstances, is sufficient to sustain a conviction. Bidwell v. State, 28 Okl.Cr. 1, 228 P. 614."

We have reviewed the case of Knight v. State, 73 Okl.Cr. 107, 118 P.2d 255 (1941), cited in defendant's brief, and distinguish it from the instant case, for the reasons that defendant Knight was not observed at the scene of the alleged crime, he was convicted solely on circumstantial evidence; and the trial court failed to give an instruction on circumstantial evidence. However, in the instant case the defendant was apprehended at the scene where the copper tubing was allegedly recently cut, while he and his co-defendant were loading the tubing into their car. The same distinction is true concerning the two other cattle stealing cases and the one for larceny of domestic fowl, cited in defendant's brief. The circumstances were too remote to sustain a conviction.

This record is free of any error which would require reversal or justify modification, and the judgment and sentence is therefore affirmed.

BUSSEY, P. J., concurs.