Richmond **PRINTERS, Jr.** and **Lewis Henry Jackson, Appellants,**

v.

The **STATE** of Oklahoma, Appellee.

No. A–16894.

Court of Criminal Appeals of Oklahoma.

Sept. 28, 1972.

Carroll Samara, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellants, Richmond Printers, Jr. and Lewis Henry Jackson, hereinafter referred to as defendants, were convicted in the District Court of Oklahoma County, Case No. CRF–70–3494, of robbery by fear in violation of 21 O.S., § 794, and each sentenced to five (5) years imprisonment. Judgment and sentence was imposed on March 12, 1971 and this appeal perfected therefrom.

The single contention of the defendants on appeal is that the evidence is insufficient to support the verdict.

It was charged by information that the defendants did rob George L. Osborn on the night of December 2, 1970 with an assault on Osborn and a threat to kill him. The evidence established that on December 2, 1970, George Osborn, night manager of a Thrifty Mart store located in Oklahoma City, Oklahoma County, was approached at approximately 1:45 a.m. by two Negro males. After purchasing cigarettes, one of the individuals, identified as Defendant Jackson, stated "I want your money." Both individuals demanded that Osborn open the cash register and one of them, identified as Defendant Printers, came behind the counter and removed currency from the cash register. While the money was being removed from the register, the robber identified as Jackson held his hand in the area of his belt line under his sweater and warned Osborn not to reach under the counter as he, the robber, did not want to have to kill him, Osborn. After

the currency was removed from the register, Osborn was instructed to leave the store with the robbers. As the three were exiting, a customer approached the store. Osborn was then told to return to the store. Osborn then immediately summoned the police by telephone and, upon their arrival, gave a complete description of the two robbers. Some twenty minutes later, a police officer arrived with two Negro males which Osborn identified as the robbers.

Alice Smith, Richard Smith and Henry Lee Hunter drove up to the store at approximately 1:45 a.m. as the robbery was taking place. While outside the store, Mr. and Mrs. Smith observed, through the store window, two Negro males and a white male in the store. One of the Negroes was removing money from the cash register. The three men then departed from the store with the white male in the middle preceded by one Negro and followed by the other. After walking to the side of the building, the Smiths observed the white man returned to the store. Mr. Hunter testified that he was walking toward the store as the three men were departing. As Hunter entered the store, the white male Osborn, entered the store and stated that he had just been robbed. The Smiths also testified that Osborn identified the two Negro males brought to the store by the police as the robbers.

A police officer testified that after receiving a police radio broadcast of the robbery with a detailed description of the subjects, he observed a Pontiac automobile occupied by two Negro males which matched the description in the police broadcast. Although the officer attempted to stop the subjects with his red light, they did not pull over and he followed them for approximately three-fourths of a mile into a service station. At the service station, the officer approached the two subjects and, finding that they matched the description, arrested them. The officer identified Defendants Printers and Jackson as the two subjects. While searching Defendant Printers, the officer observed a roll of money in the waistband of his trousers.

The officer did not remove the roll of money but, after handcuffing him, placed him in the police car. As the officer was handcuffing and searching Defendant Jackson, he observed through the window of the automobile that Defendant Printers removed the money from his waistband and placed it between the cushions in the back seat of the police car. Jackson and Printers were then taken to the scene of the crime and identified by Osborn. After the police officer returned to the police station, he removed the money from the back seat of the police car, which Printers had placed there.

The defense called three witnesses who testified as to Defendant Jackson's reputation as a lawful citizen. Defendants Printers and Jackson testified and denied that they had ever been in the store in which the robbery had occurred. They related the circumstances of a trip by them which ended up at the service station where they were arrested by the police.

In arguing that the evidence was insufficient to support the verdict, the defendants contend that there was an inconsistency in the testimony as to the amount of the money taken in the robbery and as to the amount of the money found by the officer in the police car. Defendants further point out that there is some inconsistency as to whether Osborn identified the defendants returned to the store by the police on the inside of the store or whether he went outside and identified them at the police car. Even accepting these inconsistencies, it is apparent that the evidence is more than sufficient to support the verdict. The three customers were unable to identify the defendants as the two Negro males in the store with Osborn. However, Osborn positively identified the two defendants as the robbers. Further incriminating evidence, uncontroverted by the record, was the officer seeing Defendant Printers remove the money from his waistband and attempt to hide it in the back seat of the police car.

It is a familiar rule that where there is competent evidence in the record from

which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom since it is the exclusive province of the jury to weigh evidence and determine the facts. Sisk v. State, Okl.Cr., 483 P.2d 747 (1971). The evidence presented to the jury was competent and on the basis of his evidence, they determined that the defendants were guilty as charged. Finding that the defendants' assignment of error is without merit as the evidence is sufficient to support the verdict, we conclude that the judgment and sentence should be, and the same is hereby, affirmed.

BUSSEY, P. J., and SIMMS, J., concur.