**John D. FOTHERGILL, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. A–17373.**

Court of Criminal Appeals of Oklahoma.

April 9, 1973.

158

Jack M. Annis, Woodward, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Frank Muret, Legal Intern, for appellee.

OPINION

BUSSEY, Judge:

Appellant, John Fothergill, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Woodward County, Case No. CRF–71–22, for the crime of Injuring and Destroying Public Building and Improvements. He was sentenced to serve a term of one to five (1–5) years in the state penitentiary in accordance with the verdict of the jury, and a timely appeal has been perfected to this Court.

During the trial, Warren D. Phillips testified that he was the County Treasurer of Woodward County and that on the 4th day

of June, 1971, at approximately 7:15 p. m., he had returned to the courthouse to take care of some business. Upon entering, he observed water running down the elevator shaft and over the floor. At this point, the witness testified to calling the county commissioners, the sheriff, and the jailer. After a short period of time, the undersheriff, the jailer, and the janitor arrived. The witness stated that they then proceeded to the third floor where the undersheriff turned off the master water. Upon proceeding into the jail and opening the doors, they were met with rushing water to a depth of approximately five inches. Witness Phillips then testified to inspecting the rest of the building and finding substantial water damage to equipment and records.

The testimony, this testimony was previously given at defendant's preliminary hearing, of Bronson Lee Hale was read to the jury since he was unable to attend the trial. This testimony revealed that he had been a cell mate of defendant and Donnie Wayne Wagoner on the day in question and he had not participated in the incident. The testimony further showed that a Doyle Robertson was an occupant in the adjoining cell and that he had solicited the assistance of the three in defendant's cell to have what he called a "rearup." The testimony showed that Witness Hale had been awakened by a loud noise and then saw the defendant and Wagoner walk from the shower room to their beds. Later, Hale stated that he saw water run from the direction of the shower onto the floor.

The next witness to testify was Calvin Rutledge, the undersheriff. His testimony was that after opening defendant's cell, he observed that the toilets had been broken from the wall and water on the floor was from four to five inches deep. His further investigation revealed that the shower drains had been plugged with washcloths and this was the cause of the flooding. The witness further stated that defendant and his cell mate Wagoner, exonerated the third cellmate, Hale, from responsibility for the incident.

Aaron Kelln testified to being the jailer on the day in question. His further testimony was substantially the same as the previous witnesses.

The last witness to testify on behalf of the state was Sheriff A. C. Gaston. His testimony was substantially the same as prior witnesses.

Donnie Wayne Wagoner first testified for the defendant. He stated that he was solely responsible for the flooding in the courthouse and that defendant was not responsible for breakage of the facilities in the cell. On cross-examination, the witness admitted testifying at the preliminary hearing that the defendant had handed him the rag used to block the shower drain.

The defendant next took the witness stand and generally denied any involvement in the crime. He specifically admitted handing the rag to Wagoner, but stated he had no idea of Wagoner's intended use of it.

It is first contended on appeal that the verdict was not supported by the evidence. This assignment of error is based on the belief that there was no direct evidence linking defendant with the alleged crime. Defendant sets forth in his brief the relevant testimony from the record to support this contention, said testimony primarily showing that not one witness actually saw the defendant commit any of the acts complained of; however, on cross-examination, co-defendant Wagoner was asked the following question:

"Q. Isn't it a fact that at that time you decided to plead guilty to these charges, you agreed to take the rap for the defendant John Fothergill, isn't that what happened?

"A. Yes, sir." (Tr. 59)

As can be seen from this testimony, the jury could reasonably infer guilt of the defendant. Where there is proof of facts and circumstances indicative of guilty knowledge and actual personal participation in the commission of the crime, such circumstances amount to more than an inference of guilt and constitute a presump-

tion thereof. Bidwell v. State, 28 Okl.Cr. 1, 228 P. 614 (1924). Additionally, although the evidence is in conflict as to whether the defendant knew what Wagoner was going to do with the wash rag he had handed him, this Court has consistently held that where there is competent evidence from which the jury could reasonably conclude that defendant was guilty as charged, reviewing court will not interfere with ·the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom. Sisk v. State, Okl.Cr., 483 P.2d 747 (1971). Accordingly, we find this proposition to be without merit.

■ It is next contended that the defendant was forced to trial without sufficient time to prepare therefor. The record indicates that defense counsel had originally been appointed by the court prior to the preliminary hearing and had in fact represented defendant during his preliminary hearing. Later counsel was allowed to withdraw due to a request of defendant that he be allowed to retain counsel of his own choosing, which he never did. Subsequently, the same attorney who represented defendant during his preliminary hearing was reappointed by the court two days prior to trial. Defense counsel then requested a continuance which was denied.

It is apparent from the facts which were read before the trial court, that the court properly exercised its discretion in denying a continuance. The preliminary hearing was held on July 12, 1971, yet counsel did not withdraw until November 23, 1971, some four months later. Additionally, defendant's trial was originally set for November, 1971, at which time defense counsel requested and was granted a continuance to January 5, 1972. From the foregoing, we conclude that this proposition is totally devoid of merit.

■ Defendant lastly contends that the form of the verdict is contrary to law and is ambiguous. The verdict fixed punishment at "one to five years on good behavior." The only portion of the verdict in question is the "on good behavior" part. The record before us fails to indicate that defense counsel objected at the time the verdict was returned. In Hill v. State, Okl.Cr., 266 P.2d 979 (1954), we stated:

> " * * * [W]here no objection was interposed to the verdict when returned so as to call the attention of the court to its defective form, the defendant waived the defects in the form of the verdict."

Additionally, we note the jury was instructed that they could assess punishment in the penitentiary not exceeding twenty-five years. In view of the fact that defendant received an indeterminate sentence of one to five years, we fail to see how he was harmed by the error of which he complains.

For all of the foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BLISS, P. J., concurs.

BRETT, J., dissents.

BRETT, Judge (dissenting).

I am compelled to respectfully dissent to the decision in this case for the reason I believe defendant's demurrer to the evidence should have been sustained. In overruling the defendant's demurrer the judge said in part, "You do have some evidence that it was coming out of the shower, it is pretty thin . . . ." At that point of the trial there was no direct testimony whatsoever that this defendant participated in the flooding activity alleged in the information. It appears pretty slim to hinge this conviction on the trick question and answer cited in this decision. Prior to answering this last question of the prosecutor, this witness specifically denied that defendant participated in the flooding activity, except that defendant did hand the witness a wash cloth when asked. Defendant also testified that he was fearful of the witness, an ex-convict.

From the record of this trial, it appears that defendant was a victim of circum-

stances because he was confined in the county jail. Allowing defendant that reasonable doubt to which he is entitled, defendant's statement that he was fearful of the witness should be accepted. Therefore, it is understandable why he would hand the older man a wash cloth, when directed to do so. Therefore, I respectfully dissent to this decision.