Jackie Vernoid SHIPP, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 61298.

Supreme Court of Oklahoma.

Jan. 14, 1986.

Mordy & Clark, Inc. by James A. Clark, Ardmore, for appellant.

Paul Anderson, Dist. Atty., Jimmie N. Wilcoxon, Asst. Dist. Atty., Stillwater, for appellee.

HODGES, Justice.

The questions presented are whether the trial court erred when, in a paternity action, it admitted expert testimony pertaining to the results of a Human Leukocyte Antigen (HLA) test for the purpose of determining paternity; whether such HLA test results are admissible to the jury where the person actually performing such test did not testify as to the results of said test for the purpose of determining paternity; and whether the trial court erred in allowing the results of the HLA test to be submitted to the jury. We have previously granted Jackie Vernoid Shipp's (appellant's) petition for writ of certiorari. On June 22, 1982, the District Attorney for the 9th District, on behalf of the Department of Human Services (appellee), brought this action pursuant to 10 O.S.1981 § 83 to establish appellant as the father of the child and to enforce the accompanying child support obligation against appellant.

The mother testified that the child was born as a result of sexual relations with appellant. Appellant denied paternity and having sexual relations with the mother during the period of time of conception, although he admitted having sexual relations with her.

The trial court granted appellee's motion for blood tests to determine paternity and appellant, mother and child complied with such order to submit to blood testing at the Oklahoma Memorial Hospital Pathology Laboratory, Oklahoma City, Oklahoma. The court records reflect that both parties stipulated to the contents of the report of Dr. Daniel B. Brubaker dated November 8,

1982. The report of Dr. Brubaker, a board certified anatomical and clinical pathologist and immunohematologist with the University of Oklahoma Health and Science Center, states:

"The alleged father cannot be excluded in this paternity study. Therefore, calculations were made, based on the gene frequencies in the black population, to figure the plausibility of paternity. The likelihood of the alleged father being the biological father is 98.8% in which he is very likely the biological father."

The report was admitted into evidence over appellant's objection. Dr. Brubaker, the state's expert witness, also testified as to the results of the test.

The trial court entered judgment on the jury verdict finding appellant to be the natural paternal parent of the child.

Upon review of all matters submitted in this cause, the Court hereby determines the trial court's finding was supported by substantial, competent evidence and was not an abuse of discretion.

The chief contention raised by appellant is that there was no proper foundation laid for admission into evidence the results of the HLA test, primarily because the expert who testified about the test results, Dr. Brubaker, though the head of the lab where the test was performed, did not personally perform it.

The rule in Oklahoma is that "the qualifications of an expert witness and the admissibility of experiment evidence are matters generally within the discretion of the trial court, which will not be reversed unless an abuse is clearly made to appear." *Jones v. Stemco Mfg. Co., Inc.,* 624 P.2d 1044, 1046 (Okla.1981). Further, we have recently held that HLA test results are admissible as relevant authority under 12 O.S. 1981 §§ 2401 and 2402 and as exceptions to the hearsay rule under 12 O.S. 1981 §§ 2803(24) and 2804(5) as such tests have a high degree of certainty. *Callison v. Callison,* 687 P.2d 106, 111 (Okla.1984). ■ On review of the record, we find no abuse of the court's discretion. As previously noted, Dr. Brubaker is a physician and pathologist with board certification in anatomic and clinical pathology and in immunohematology. He was currently employed by the O.U. Health Science Center and the V.A. Hospital. He was also on staff at V.A., Children's and Oklahoma Memorial Hospitals and was the director of the blood laboratories at all three hospitals for the past three and one-half years. He had approximately 50 technologists under him at such hospitals. He had been involved in approximately 1,000 HLA blood tests a year, some including paternity determinations.

Dr. Brubaker described the scientific theory which supports the determination of paternity based upon HLA tests and noted the wide acceptance by the medical community of such tests. He further described the tests performed at his laboratory involving the blood samples submitted by appellant, mother and child and his findings. He stated that he prepared the final written report after analyzing the results of the tests performed on each person by two independent technologists under his supervision. He testified that appellant was not excluded as the father of the child based upon the results of the HLA and other tests.

■ The trial court correctly overruled appellant's objection to the admission of Dr. Brubaker's written report of the HLA test as it contained information that was not otherwise in evidence.

■ We likewise find no error in the trial court's refusal to give defendant's requested Instruction No. 6. The requested instruction in essence is a comment on the assessment of the HLA test. Such an instruction, if given, would be improper.

For these reasons, we find that the trial court's judgment should be affirmed and the opinion of the Court of Appeals, Division No. 4, vacated.

DOOLIN, V.C.J., and LAVENDER, HARGRAVE, WILSON, KAUGER and SUMMERS, JJ., concur.

SIMMS, C.J., and OPALA, J., dissent.