**Donald Gene HAMBY, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–507.

Court of Criminal Appeals of Oklahoma.

June 10, 1986.

Johnie O'Neal, Asst. Public Defender, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Thomas L. Spencer, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Donald Gene Hamby, appellant, was convicted of Indecent Exposure, After Former

Conviction of a Felony in the District Court of Tulsa County in Case No. CRF–83–4266 and sentenced to ten (10) years imprisonment, and he appeals.

Briefly stated the facts are that on November 26, 1983, Vickie Edith Rogers drove past a duplex at 321 S. Rockford and observed appellant standing naked in the front doorway of the residence moving his hand around on his genitals, apparently masturbating. After this incident, the police were contacted and appellant was arrested. Ms. Rogers had also observed appellant completely naked engaged in the same conduct on November 11, 1983. On that date, a Tulsa police officer spoke with appellant at his residence while investigating an indecent exposure complaint, and the officer testified that appellant denied exposing himself.

Ms. Rogers testified that she did not actually see appellant's genitals on either occasion, but she testified that she observed him moving his hand around his genitals. Two weeks after the incident, Ms. Rogers chose appellant's picture from a six (6) man photographic lineup, and she positively identified appellant at trial. Appellant called two witnesses at trial, his mother and his former girlfriend. Appellant's mother testified that another young man, who looked like her son, was staying with her and appellant at the time of the exposure and that she had seen him naked in the living room of her house. Appellant's former girlfriend testified that although they engaged in sex regularly for eight (8) years she had never seen appellant nude because he insisted on turning out the lights before coming to bed. She further testified that in November, 1983, she saw a man resembling appellant urinating on the porch of 321 South Rockford.

### I

In his first assignment of error, appellant contends that the verdict is contrary to the law in that he did not expose his private parts within the meaning of 21 O.S.1981, § 1021 since the victim testified that she did not see the appellant's penis. We disagree.

21 O.S.Supp.1984, § 1021 provides in pertinent part:

Every person who willfully either:

(1) Lewdly exposes his person, or private parts thereof, in any public place, or in any place where there are present other persons to be offended or annoyed thereby;

In *Sisk v. State*, 483 P.2d 747 (Okl.Cr. 1971), the victim testified at trial that she saw the defendant standing in a chair "playing with his private parts," but there is no evidence that she testified directly that she saw defendant's penis. However, we held that the verdict of guilt was properly supported by the evidence.

In *Hair v. State*, 532 P.2d 72 (Okl.Cr. 1975), two girls walked up to defendant's car while it was parked behind a high school and one of the girls observed the fully clothed defendant with his pants unzipped, masturbating, and the other girl did not observe this conduct. However, we held that the evidence was sufficient to circumstantially prove the lewd exposure element of the offense of indecent exposure and thereby place the determination of guilt or innocence within the province of the jury.

In the instant case, there is circumstantial evidence to the effect that a reasonable person could properly infer that appellant did expose his private parts in a public place even though the victim did not see his genitals. Viewing the evidence in the light most favorable to the State, we are of the opinion that a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Spuehler v. State*, 709 P.2d 202 (Okl.Cr.1985). Therefore, this assignment of error is without merit.

### II

In his second assignment of error, appellant alleges that the trial court erred in allowing evidence of other crimes to be presented to the jury. Appellant argues

that the trial court erred in allowing Vickie Rogers and the police officer to testify about the exposure incident involving appellant on November 11, 1983.

█ Initially, we note that when the victim testified about the exposure on November 11, 1983, appellant failed to object. Additionally, appellant's counsel extensively cross-examined Ms. Rogers about the incident. Therefore, appellant failed to preserve this matter for appellate review. *Gee v. State*, 538 P.2d 1102 (Okl.Cr.1975); *Allen v. State*, 611 P.2d 254 (Okl.Cr.1980). We are also of the opinion that the trial judge correctly allowed the police officer to testify about the incident notwithstanding appellant's objection since the victim had previously testified about the incident without objection by appellant and it was already before the jury.

█ Moreover, evidence of other crimes may be admissible where it tends to establish motive, intent, absence of mistake or accident, identity or a common scheme or plan which embraces the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Atnip v. State*, 564 P.2d 660 (Okl.Cr.1977). In the instant case, appellant called witnesses at trial whose testimony tended to show that someone else who resembled appellant committed the offense in question. Therefore, the testimony of the victim and the police officer, concerning the exposure on November 11, 1983, was properly admitted by the trial court to prove the identity of appellant. Therefore, this assignment of error is without merit.

### III

█ In his third assignment of error, appellant argues that the trial court committed reversible error in failing to give appellant's requested instruction regarding eyewitness identification.

In support of this contention appellant relies upon *McDoulett v. State*, 685 P.2d 978 (Okl.Cr.1984). However, in *McDoulett* this Court held that:

In cases in which the eyewitness identification is a critical element of the prosecution's case and serious questions exist concerning the reliability of that identification, a cautionary instruction should be given which advises the jury regarding the factors to be considered.

In the instant case, there is no serious question concerning the reliability of the victim's identification of appellant. Two weeks after the exposure occurred, the victim chose appellant's picture from a six (6) man photographic lineup, and she positively identified appellant at trial. Her positive identification of appellant coupled with the fact that she observed appellant on two separate occasions from approximately twenty (20) feet effectively eliminate any serious questions concerning the reliability of the identification. Therefore, this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is **AFFIRMED.**

PARKS, P.J., and BRETT, J., concur in results.