Everett CRUTCHFIELD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–165.

Court of Criminal Appeals of Oklahoma.

Aug. 5, 1976.

Rehearing Denied Aug. 23, 1976.

J. Leo Troy, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Michael Jackson, Asst. Atty. Gen, for appellee.

OPINION

BUSSEY, Judge:

Appellant, Everett Crutchfield, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F–75–148, for the offense of Injuring a Public Building, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 349. His punishment was fixed at ten (10) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated, the evidence at the trial revealed that on March 21, 1975, defendant was confined in the cell of the maximum security area of the Oklahoma State Penitentiary at McAlester, Oklahoma. He was the sole occupant of the cell located in an area wherein a disturbance occurred at approximately 12:45 p. m. Correctional Officers Bolling and Mayrhofen observed the defendant and the condition of his cell prior to the noon meal. The cell appeared to be in proper condition. They observed the cell after the disturbance and found that the sink and commode had been torn from their mountings and were found broken on the floor.

The defendant did not testify, nor was any evidence offered in his behalf.

The first assignment of error is that "the defendant was denied his right to production of witnesses to testify in his behalf in spite of the fact that defendant had subpoenaed witnesses in accordance with the statutes of Oklahoma."

The record reflects that the defendant issued subpoenas for twelve witnesses, all of whom were inmates within the Oklahoma State Penitentiary. The trial court, thereafter, ordered the court clerk not to issue these subpoenas until a hearing could be had. The defendant thereupon filed an application for an order requiring the warden to produce witnesses. The hearing was had on defendant's application and defendant was given the opportunity to show the materiality of his witnesses. The de-

fendant respectively declined to make such a showing. The trial court then gave the defendant a second opportunity to show materiality and stated:

"Defendant has filed what is called an Application for Order Requiring the Warden to produce witnesses, which is in effect Habeas Corpus. On that basis or on the basis of the inherent power of the Court it would seem to me the defendant has the obligation of setting out some reason for his Application. If he can subpoena twelve witnesses, he can subpoena twelve hundred. Whenever you get into a situation like that you are creating a dilemma for the Court but this man is entitled to have witnesses that are necessary and material to his defense. On the other hand, all other litigants are entitled to a speedy trial. If we permitted, for example, defendant to subpoena twelve hundred witnesses then obviously we are going to be here the rest of the year trying this case. So I am going to ask the defendant at this time whether he wants to go ahead with what I determine is his burden to show the materiality and necessity of these witnesses." [Tr. 22 and 23]

The trial court thereupon overruled defendant's Motion to produce witnesses.

■ We are of the opinion that the trial court's ruling was proper. To hold otherwise would totally destroy the orderly administration of justice. In 97 C.J.S. Witnesses § 30, it is stated:

"In order to procure the issuance of a writ of habeas corpus ad testificandum, it is necessary to make an application therefor to the court or judge, and strict proof of the materiality of the testimony, and of the necessity of the attendance of the prisoner as a witness, is required, before the court may order issuance of the writ. It is within the discretion of the court to grant or refuse the writ, and abuse of the process should not be permitted; but if it appears that the application is in good faith and the testimony

is material and important, the application for the writ should be granted." [footnotes omitted]

In his second assignment of error defendant contends that the trial court erred in denying his request for change of venue. We have previously held that the granting of a change of venue is discretionary with the trial court and this Court will not reverse a ruling of the trial court unless it is clearly made to appear that there has been an abuse of discretion. See, *Fesmire* v. *State*, Okl.Cr., 456 P.2d 573 (1969).

We have carefully examined the voir dire examination and find there is not one scintilla of evidence showing that any juror had a fixed opinion as to the defendant's guilt or that he could not receive a fair trial in Pittsburg County. We, therefore, find this assignment of error to be totally without merit.

The third assignment of error is that defendant was charged under an incorrect information under the provisions of 21 O.S.1971, § 349 [1] which enhanced his punishment. The defendant argues that he should have been charged under the provisions of 21 O.S.1971, § 1786 [2]. We further observe that 21 O.S.1971, § 11, provides:

"If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. *But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions,* except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other." [Emphasis added]

We, therefore, conclude that the defendant was properly charged under the provisions of 21 O.S.1971, § 349. See *Fothergill* v. *State*, Okl.Cr., 509 P.2d 157 (1973) and *Robertson* v. *State*, Okl.Cr., 503 P.2d 896 (1972).

The defendant asserts three further assignments of error but does not support the same with citations of authority. We have repeatedly held that the defendant must not only assert error but must support his assertions by argument and citations of authority. When this is not done and it is apparent that the defendant has been deprived of no fundamental rights, the Court of Criminal Appeals will not search the books for authorities to support asserts that the trial court erred. See, *Sandefur* v. *State*, Okl.Cr., 461 P.2d 954. We have carefully considered the entire record and are of the opinion that the defendant received a fair and impartial trial

1. § 349. Injuring or burning public buildings

"Every person who wilfully burns, destroys, or injures any public buildings or improvements in this State, is punishable by imprisonment in the penitentiary not exceeding twenty-five years."

2. § 1786. Injuries to pipes and wires

"Every person who wilfully breaks, digs up or obstructs any pipes or mains for conducting gas or water, or any works erected for supplying buildings with gas or water, or any appurtenances or appendages therewith connected, or injures, cuts, breaks down or destroys any electric light wires, poles or appurtenances, or any telephone or telegraph wires, cable or appurtenances, is punishable by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine of not more than five hundred dollars."

and was not deprived of any fundamental rights. We therefore find the final three assignments of error to be without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from is accordingly AFFIRMED.

BRETT, P. J., and BLISS, J., concur.