Frank E. MINISTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–327.

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1976.

See also, Okl.Cr., 554 P.2d 1386.

J. Leo Troy, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frank E. Minister, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F–75–181, for the offense of Injuring a Public Building, After a Former Conviction of a Felony in violation 21 O.S.1971, § 349. His punishment was fixed at ten (10) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial, Clifford Pearce testified that on February 16, 1975, he was employed as a correctional officer in the hospital ward of the State Penitentiary. He testified that the defendant was confined alone in a locked cell in the hospital ward. He made periodic checks of the cells and found that the defendant's cell was in order on each occasion. At approximately 9:00 p. m., the defendant called him to his cell. The defendant asked to be transferred "back to weed row." The defendant stated that if he was not transferred he was going to tear up his cell. Shortly thereafter, Pearce heard a racket and upon

investigation found that the commode had been torn from the wall in the defendant's cell.

The defendant testified that on the evening in question he was confined in cell number 19 rather than in cell number 5 as testified to by Officer Pearce. He testified that he was on a medication called Antrivert and that he had no memory of tearing up the cell.

The defendant first asserts that he was denied his right to production of witnesses to testify in his behalf in spite of the fact that he had subpoenaed witnesses in accordance with the statutes of Oklahoma.

The record reflects that the defendant issued subpoenaes for five witnesses, four of which were inmates of the Oklahoma State Penitentiary. The defendant was given an opportunity at a pretrial hearing to show the materiality of the testimony to be rendered, but refused to do so. The defendant argues that he had a constitutional right to the production of the witnesses and that the request by the court to show the materiality of the testimony was contra to his constitutional right. In *Crutchfield v. State,* Okl.Cr., 553 P.2d 504 (1976), in dealing with an identical assignment of error we stated:

"We are of the opinion that the trial court's ruling was proper. To hold otherwise would totally destroy the orderly administration of justice. In 97 C.J.S. Witnesses § 30, it is stated:

" 'In order to procure the issuance of a writ of habeas corpus ad testificandum, it is necessary to make an application therefor to the court or judge, and strict proof of the materiality of the testimony, and of the necessity of the attendance of the prisoner as a witness, is required, before the court may order issuance of the writ. It is within the discretion of the court to grant or refuse the writ, and abuse of the process should not be permitted; but if it appears that the application is in good faith and the testimony is material and important, the application for the writ should be granted. (footnotes omitted)' "

The defendant next asserts that the trial court erred in denying his request for change of venue. We have carefully examined the voir dire examination and find that the record is devoid of any evidence showing that any juror had a fixed opinion as to the defendant's guilt or that he could not receive a fair trial in Pittsburg County. We therefore find this assignment of error to be without merit.

The defendant contends in his third assignment of error that he was charged under an incorrect information under the provisions of 21 O.S.1971, § 349, which enhanced his punishment. The defendant argues that he should have been charged under the provisions of 21 O.S.1971, § 1786. In *Crutchfield v. State,* supra, in dealing with a similar assignment of error we stated:

"We further observe that 21 O.S.1971, § 11, provides:

" 'If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. *But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions,* except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or

omission under any other. (Emphasis added.)'

"We, therefore, conclude that the defendant was properly charged under the provisions of 21 O.S.1971, § 349. See *Fothergill v. State,* Okl.Cr., 509 P.2d 157 (1973) and *Robertson v. State,* Okl.Cr., 503 P.2d 896 (1972)."

■ The defendant next contends that the trial court erred in failing to sustain his request for a sanity hearing. We need only observe that the record is devoid of any showing of the reasons to believe that the claim of insanity made on behalf of the defendant was genuine. Under such circumstances we cannot find that the trial court abused its discretion in refusing to sustain the motion for a sanity hearing. See *Haynes v. State,* Okl.Cr., 473 P.2d 299 (1970); *Tucker v. State,* Okl.Cr., 473 P.2d 332 (1970); and *Bingham v. State,* 82 Okl.Cr. 5, 165 P.2d 646 (1946).

■ The defendant asserts two further assignments of error but does not support the same with citations of authority. We have repeatedly held that the defendant must not only assert error but must support his assertions by argument and citations of authority. When this is not done and it is apparent that the defendant has been deprived of no fundamental rights, the Court of Criminal Appeals will not search the books for authorities to support assertions that the trial court erred. See *Sandefur v. State,* Okl.Cr., 461 P.2d 954 (1969). We have carefully examined the entire record and are of the opinion that the defendant received a fair and impartial trial and was not deprived of any fundamental rights. We therefore find the final two assignments of error to be without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from, is accordingly *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.

See also, Okl.Cr., 554 P.2d 1383.