**Frank E. MINISTER, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–76–326.**

Court of Criminal Appeals of Oklahoma.

Oct. 4, 1976.

See also, Okl.Cr., 554 P.2d 1383.

J. Leo Troy, Jr., McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Doug Combs, Legal Intern, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Frank E. Minister, hereinafter referred to as the defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F-75-162, for the offense of Injuring a Public Building, After a Former Conviction of a Felony in violation of 21 O.S.1971 § 349. His punishment was fixed at fifteen (15) years' imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the trial James Pierce testified that on April 18, 1975, he was employed as a Correctional Officer on the maximum segregation unit of the Oklahoma State Penitentiary. He testified that the defendant was confined on that date, in the east cell of the segregation unit. Mr. Pierce testified that he and other officers conducted a shake down search of the cells for contraband. He searched the defendant's cell and continued searching other cells. As he returned past the defendant's cell, the de-

fendant stated "looky here." The defendant kicked the commode in the cell, tore it from the wall and threw it to the floor. The defendant was advised to stop and when he refused to, two rounds of gas were fired into his cell.

Joe David Ogiela testified that he was employed as a security officer at the Oklahoma State Penitentiary on the day in question. He participated in the shake down search and searched the defendant's cell. He continued with the search and heard noises coming from the defendant's cell. He observed the defendant kicking the sink. He ordered the defendant to stop and the defendant refused. He fired two gas shells into the cell.

■ The defendant first asserts that he was denied his right to a fair and impartial trial inasmuch as his request for a change of venue was denied by the trial court. The defendant argues that 22 O.S.1971, § 561, which requires the submission of affidavits to support a motion for a change of venue is unconstitutional and that it shifts the burden of proof from the State to the defendant. The defendant fails to support this claim with the citation of authorities. We have repeatedly held that an accused must not only assert error but must support his assertions by argument and citations of authority. When this is not done and it is apparent that the defendant has been deprived of no fundamental rights, this Court will not search the books for authorities to support assertions that the trial court erred. *Battle v. State,* Okl.Cr., 478 P.2d 1005 (1970). We therefore find this assignment of error to be totally without merit.

■ The defendant next contends that he was charged under an incorrect information under the provisions of 21 O.S. 1971, § 349, which enhanced his punishment. The defendant argues that he should have been charged under the provisions of 21 O.S.1971, § 1786. In dealing with an identical assignment of error in

*Crutchfield v. State,* Okl.Cr., 553 P.2d 504, (1976), we stated:

"We further observe that 21 O.S.1971, § 11, provides:

" 'If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. *But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions,* except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other. (Emphasis added)'.

"We therefore, conclude that the defendant was properly charged under the provisions of 21 O.S.1971, § 349. See *Fothergill v. State,* Okl.Cr., 509 P.2d 157 (1973) and *Robertson v. State,* Okl.Cr., 503 P.2d 896 (1972)."

The defendant asserts three further assignments of error, but again fails to support the same with the citations of authority. See *Battle v. State,* supra. We have carefully considered the entire record and are of the opinion that the defendant received a fair and impartial trial and was not deprived of any fundamental right. We therefore find these final assignments of error to be without merit.

For all of the above and foregoing reasons, the judgment and sentence appealed from, is accordingly *AFFIRMED.*

BRETT, P. J., and BLISS, J., concur.