**Robert ANDERSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–76–574.**

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1976.

See also, 556 P.2d 1010.

Ray Parks, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Robert Anderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F-75-160, for the offense of Injury to a Public Building, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 349. His punishment was assessed at a term of ten (10) years' imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

The State's only witness was Mr. John McDaniels, who testified that during the month of February, 1975, he was employed as a guard at Oklahoma State Penitentiary, McAlester, Oklahoma. On February 16, 1975, he was a guard on duty in the maximum security portion of O.S.P. He then identified the defendant in this case, Robert Anderson, as being an inmate of the penitentiary and at that time confined in the maximum security unit. At approximately 6:00 p. m. on the above date, the defendant's cellmate reported sick and was subsequently taken from the cell. The defendant, who had been assigned to work in the run, was subsequently placed in his cell at approximately 8:30 p. m. After being placed in this cell, the guards heard a noise that sounded as if lavatories and toilets were being torn from the wall. A search of the defendant's cell revealed that the lavatory had been wrenched from its location. The witness then testified that said property was the property of the State of Oklahoma and was located in Pittsburg County, Oklahoma. The guard also testified that the defendant was the sole occupant

of the cell during the time the lavatories and toilets were torn from the walls.

Thereafter, the State rested.

The defendant called as his first witness, Kenneth Goodson, who testified that he was an inmate in the maximum security section of the Oklahoma State Penitentiary on February 16, 1975. He further testified that his cell on that evening was in close proximity to that of the defendant. A disturbance occurred that same evening and the defendant took the lavatory from the wall of his cell and tossed it on the floor, but did not damage the same nor did he damage the toilet.

The defendant then took the stand and admitted that he took the sink off the wall of his cell and tossed it to the floor and characterized it as a gesture due to frustration, but denied that this in any way damaged any of the State's property.

The defense then rested and the State recalled Guard McDaniels in rebuttal. At this time McDaniels related that he observed that both the sink and the toilet were laying on the floor upon his return to the cell and that he could see broken parts of the sink laying about the cell floor.

 As his first assignment of error, he contends that the trial court erred in refusing to sustain his motion to dismiss the charge by reason of a denial of his constitutional right to a speedy trial. The record presented to this Court reveals that the defendant was charged on the 10th day of July, 1975, by Information for the offense of "Injuring a Public Building, After Former Conviction of a Felony" which allegedly occurred on the 16th day of February, 1975. The defendant specifically argues that this delay, amounting to some five months, was a denial of his right to a speedy trial. In support of his argument, the defendant cites numerous cases decided by both this Court and the Federal Courts relating to the right to a speedy trial and due process. However, in most of these cases there is a single distinguishing fact, i. e., in the cases cited the defendants had

been formally charged and/or arrested, but had not been taken before a Magistrate, nor had their cases been tried on the merits. In the instant case there was some five months delay between the date of the offense and the filing of the formal charge. However, once the charge was filed the proceedings moved without delay. In *Bauhaus v. State*, Okl.Cr., 532 P.2d 434 (1975), we cited *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), wherein it was stated:

> " 'The approach we accept is a balancing test, in which the conduct of both the prosecution and the defendant are weighed.
>
> " 'A balancing test necessarily compels courts to approach speedy trial cases on an ad hoc basis. We can do little more than identify some of the factors . . . . Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. . . .' "

Applying these factors to the instant case in which we find that the length of the delay between the date of the offense and the filing of the Information was approximately five months, we find nothing in the record to indicate that this resulted in an undue hardship or in any way prejudiced the rights of the defendant. In view of the fact that the defendant was not prejudiced and that this delay occurred between the date of the offense and the filing of the Information, we find this assignment to be wholly without merit.

 The defendant's second and third assignments of error are predicated on the defendant's assertion that he was charged under the wrong criminal provision. The defendant specifically argues that he should have been charged under 21 O.S. 1971, § 1786, which reads as follows:

> "Every person who wilfully breaks, digs up or obstructs any pipes or mains for conducting gas or water, or any works erected for supplying buildings with gas or water, or any appurtenances or ap-

pendages therewith connected, or injures, cuts, breaks down or destroys any electric light wires, poles or appurtenances, or any telephone or telegraph wires, cable or appurtenances, is punishable by imprisonment in the penitentiary not exceeding three years, or in the county jail not exceeding one year, and by fine of not more than five hundred dollars."

The statute under which the defendant was charged, 21 O.S.1971, § 349, reads as follows:

"Every person who wilfully burns, destroys, or injures any public buildings or improvements in this State, is punishable by imprisonment in the penitentiary not exceeding twenty-five years."

The answer to defendant's contention is found in 21 O.S.1971, § 11, which provides:

"If there be in any other chapter of the laws of this state a provision making any specific act or omission criminal and providing the punishment therefor, and there be in this penal code any provision or section making the same act or omission a criminal offense or prescribing the punishment therefor, that offense and the punishment thereof, shall be governed by the special provisions made in relation thereto, and not by the provisions of this penal code. But an act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, except that in cases specified in §§ 51 and 54, the punishments therein prescribed are substituted for those prescribed for a first offense, but in no case can he be punished under more than one; and an acquittal or conviction and sentence under either one, bars the prosecution for the same act or omission under any other."

By virtue of § 11, immediately above, the District Attorney's election to prosecute the defendant under § 349 is entirely proper. See, *Fothergill v. State*, Okl.Cr., 509 P.2d 157 (1973), and *Robertson v. State*, Okl.Cr., 503 P.2d 896 (1972). The defendant contended in his third assignment of error that since he should have been charged under § 1786, the trial court should have instructed the jury in accordance with the provisions of § 1786. Needless to say, since we have determined that the prosecution under § 349 was entirely proper, it would have been error had the trial court complied with the defendant's request and instructed under § 1786.

■ The defendant, in his fourth and fifth assignments of error, contends that the evidence, as presented by the State, was insufficient to support a verdict of guilty. Based on the foregoing facts, it is the opinion of this Court that the judge was more than justified in overruling the defendant's demurrer to the evidence and the jury was equally as justified in returning a verdict of guilty. Our review of the record indicates that there was evidence from which the jury could reasonably and logically conclude that the defendant was guilty of the crime charged. The defendant's fourth and fifth assignments of error are without merit.

■ Finally, the defendant contends that the punishment was excessive. On numerous occasions this Court has held that the punishment assessed by the jury and pronounced by the court will not be reversed or modified unless it clearly shocks the conscience of this Court. See, *Riddle v. State*, Okl.Cr., 374 P.2d 634 (1962). A careful examination of the record and a review of the law reveals that the punishment imposed in this case was well within the limits prescribed by law.

Based on the foregoing discussion, we are of the opinion that the defendant's judgment and sentence should be, and the same is hereby, *AFFIRMED*.

BRETT, P. J., and BLISS, J., concur.