Robert ANDERSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–606.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1976.

See also, 556 P.2d 1006.

Ray Parks, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Robert Anderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F–75–155, in a bifurcated proceeding, for the offense of Injuring a Public Building, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 349. Pursuant to a verdict of the jury, the defendant was sentenced to serve a term of ten (10) years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

For its case in chief, the State called two witnesses. The first witness was Mr. John McDaniels, who testified that he was working as a Correctional Officer at the Oklahoma State Penitentiary during April, 1975. He then testified that the defendant, whom he identified in court, was at that time confined to the maximum security section of that institution. The witness stated that around 9:30 p. m. he had an opportunity to check defendant and his cell. At that time the cell was in good condition and was not damaged. Some time subsequent to 9:30 p. m. a disturbance in the cell block was noted. After the disturbance had quieted down, the witness then checked defendant's cell again and it was discovered that the toilet and sink were on the floor of the defendant's cell and water was coming out of the cell. He further testified that during this period the defendant had been locked in his cell alone.

The State's next witness was Sammy L. Key, who testified that he was the officer in charge of the disciplinary unit at the Oklahoma State Penitentiary on April 14, 1975. He stated that at approximately 9:30 p. m. a disturbance occurred on the defendant's cell block. He further testified that an inspection of the defendant's cell revealed that the sink and toilet were torn from the wall and that water was running from the defendant's cell.

The State then rested its case. After the defendant's Demurrer was overruled, the defendant also rested his case.

■ For his first assignment of error, the defendant alleges that he was denied his right to compulsory production of witnesses to testify on his behalf despite the fact that the defendant had subpoenaed said witnesses. The record reveals that the defendant had subpoenaed four inmates of the State Penitentiary at McAlester to testify on his behalf. At a pretrial hearing, held outside the presence of the jury, the defendant argued that these witnesses were essential witnesses. The defendant's offer of proof was that these witnesses would testify as to the conditions then and

there existing at the penitentiary and the reason for the disturbance. The State argued that not only was this not a material issue regarding the defense of the defendant, but in addition the defendant had failed to comply with the statutes. of the State of Oklahoma, particularly, 22 O.S. 1971, § 1151, which mandates the procedure for obtaining witnesses who are in the custody of the State Department of Corrections. The better practice is for such a defendant to follow the procedure of filing, with the trial court, a Writ of Habeas Corpus Ad Testificandum. The trial court could then hold a hearing at which time the burden would be on the person requesting the Writ, or on the Petitioner, to show the need and materiality of such witnesses. Be that as it may, the record is abundantly clear that the court made such findings of fact and law as have been previously mentioned above.

■ This Court touched on a very similar issue in the recent case of *Crutchfield v. State,* Okl.Cr., 553 P.2d 504 (1976). In that case, while upholding the ruling of the trial court, we cited with approval 97 C.J. S. Witnesses § 30, as follows:

" 'In order to procure the issuance of a writ of habeas corpus ad testificandum, it is necessary to make an application therefor to the court or judge, and strict proof of the materiality of the testimony, and of the necessity of the attendance of the prisoner as a witness, is required, before the court may order issuance of the writ. It is within the discretion of the court to grant or refuse the writ, and abuse of the process should not be permitted; but if it appears that the application is in good faith and the testimony is material and important, the application for the writ should be granted.' [footnotes omitted] "

Therefore, we are of the opinion that this assignment of error must fail for two reasons. First, the defendant failed to follow the correct procedure for obtaining witnesses who are in custody of the Department of Corrections of the State of Okla-

homa. Second, in spite of the defendant's failure to follow the proper procedure for securing said witnesses, the trial court did hold a hearing and did make a determination that these witnesses were not essential for the defense of this case.

For his next assignment of error, the defendant urges that the trial court committed fundamental error in failing to sustain the motion to dismiss for lack of a speedy trial. The record before this Court established that defendant was originally charged by Information on July 10, 1975, with an offense allegedly committed on April 14, 1975. It also establishes that the defendant was bound over for trial and trial commenced on November 17, 1975.

■ In *Bauhaus v. State,* Okl.Cr., 532 P.2d 434 (1975) citing *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), this Court adopted a functional analysis approach, or a balancing test, when determining whether a defendant has been deprived of his right to a speedy trial. Among those factors to be considered are the length of the delay, reason for the delay, the defendant's assertion of his right, and the prejudice to the defendant arising out of said delay. As stated in *Barker,* supra, prejudice should be assessed in light of the interest of the defendant.

■ Applying these factors to the instant case, we find nothing in the record to indicate that such a delay resulted in an undue hardship, or in any way prejudiced the rights of the defendant. In the instant case the defendant was already incarcerated for a term of two and one-half years on a prior conviction. There is no indication that the delay in any way impaired his defense. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Finally, this Court notes that once the defendant was charged, he was tried in less than six months. In accordance with the foregoing authorities, we are of the opinion that this assignemnt of error is without merit.

The defendant's third and fourth assignments of error are identical to his second and third assignments of error in *Anderson v. State,* Okl.Cr., 556 P.2d 1006 which was delivered this date. Since that case thoroughly discussed the issue, we find it unnecessary to do so again, and find them to be without merit.

■ For his next assignment of error, the defendant alleges that the trial court erred in overruling his Demurrer to the State's case in chief and that the verdict and sentence were not supported by the evidence. More specifically, defendant alleges that the State's case failed to prove that there was injury to a building, per se, but rather, to plumbing fixtures attached thereto. With this we cannot agree, and find this contention to be patently frivolous. The toilet and sink attached to the building, were an integral part thereof and therefore, one who tears the fixtures from the building subjects himself to the sanctions provided in 21 O.S.1971, § 349. This assignment of error is wholly without merit.

For his sixth assignment of error, defendant argues that the trial court erred when it failed to overrule his Motion for Mistrial. Defendant urges that his Motion for Mistrial should have been granted because several prospective jurors may have been permitted to view him while he was in shackles and being transported from the Oklahoma State Penitentiary to the Pittsburg County Courthouse.

■ Based on a threefold reasoning, we are unable to agree with defendant's contention. In the first place, defendant cites no authority to support his assertions. When this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, the Court of Criminal Appeals will not search the books for authorities to support assertions that the trial court erred. *Battle v. State,* Okl.Cr., 478 P.2d 1005 (1970). Second, there is no showing in the record that any of the jurors actually selected to sit on this case were, in fact, the jurors who saw or may have seen the defendant while shackled. Finally, there was no showing that if this scene was viewed by any of the jurors, that it in any way prejudiced the rights of the defendant. For the foregoing reasons, this assignment of error is without merit.

■ For his final assignment of error the defendant urges that the punishment is excessive. Once again, the defendant cites no authority. See, *Battle v. State,* supra. Nevertheless, given the circumstances and the wantonness of the offense, we cannot "conscientiously" say that the sentence "shocks the conscience" of this Court. See, *Roberts v. State,* Okl.Cr., 473 P.2d 264 (1970).

Finding no error which would justify the reversal or modification of this case, we hold that the judgment and sentence appealed from should be, and the same is hereby, *AFFIRMED.*

BLISS, J., concurs,

BRETT, Presiding Judge (concurs in part, and dissents in part).

I concur that this conviction should be affirmed, but insofar as this Information was filed on the same date that the Information was filed in Pittsburg County District Court, [See, *Anderson v. State,* Okl. Cr., 556 P.2d 1006, delivered this date], for a similar offense of Injury to Public Buildings, I believe the two Informations should have been consolidated for trial at the same time as provided for in 22 O.S. 1971, § 438, and, therefore the sentences should have been made to run concurrently. Consequently, I believe the sentences on the two convictions constituting twenty (20) years is excessive. I dissent to the consecutive provisions of the two sentences.