Brooks K. LONG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–808.

Court of Criminal Appeals of Oklahoma.

March 17, 1977.

Charles D. Neal, Jr., Steidley & Neal, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

BRETT, Judge:

Appellant, Brooks K. Long, hereinafter referred to as defendant, was charged by

information with the offense of Injuring a Public Building, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 349. Defendant was tried in the Pittsburg County District Court, convicted, and sentenced to serve ten (10) years' imprisonment. From this judgment and sentence, defendant has appealed to this Court.

The evidence introduced at trial showed that on March 21, 1975, defendant was an inmate at the Oklahoma State Penitentiary, confined in Cell 26 of the maximum security unit. On that date, at approximately noon, a disturbance erupted in the unit. Correctional Officer Mayrhoten testified that the plumbing and fixtures in the cell in which defendant alone was confined were in good condition prior to the disturbance. The witness further testified that following the disturbance, with the defendant still locked in his cell, the fixtures and plumbing had been destroyed.

Defense witnesses testified that tear gas had been used during the disturbance. Defendant testified that because of the tear gas in his cell he destroyed the plumbing and fixtures in an attempt to get fresh air to breathe.

Defendant was convicted, and in the course of the bifurcated proceeding was sentenced to ten (10) years' imprisonment, pursuant to 21 O.S.1971, § 349. This appeal followed in which defendant asserts four assignments of error.

■ Defendant's first assignment of error urges that the trial court committed reversible error in overruling defendant's motion to dismiss based upon an alleged denial of defendant's right to a speedy trial. We note from the record that at the time of the offense, the defendant was incarcerated at the Oklahoma State Penitentiary. The speedy trial provisions were here engaged at the time of the filing of the information. The defendant was arraigned a little over a month after the filing of the information. The defendant was tried approximately six months later. The delay involved here does not appear to have been excessive. Additionally, defendant has not alleged any prejudice by the delay. This Court is mindful of the fact that under the rule set down in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), length of delay and actual prejudice are only two factors to be considered when applying the Supreme Court's balancing test to an alleged assertion of deprivation of a right to speedy trial. We note that another factor is defendant's assertion of the right. There is no evidence before the Court today which shows that defendant at any time asserted his right to a speedy trial. In viewing this case as a whole, we are of the opinion that defendant's constitutional right to a speedy trial was not denied him. This assignment of error is without merit.

■ Defendant's second assignment of error is the trial court's denial of a writ of habeas corpus ad testificandum, sought by defendant to secure the attendance of certain witnesses. We have considered this assignment of error in other cases arising out of this incident. We held in those cases, and so hold today, that in Oklahoma:

> "In order to procure the issuance of a writ of habeas corpus ad testificandum, it is necessary to make an application therefor to the court or judge, and strict proof of the materiality of the testimony, and of the necessity of the attendance of the prisoner as a witness, is required, before the court may order issuance of the writ. It is within the discretion of the court to grant or refuse the writ, and abuse of the process should not be permitted; but if it appears that the application is in good faith and the testimony is material and important, the application for the writ should be granted." 97 C.J.S. Witnesses § 30b (Footnotes omitted).

In examining the record, we find that defendant failed to establish the materiality of the requested witnesses; therefore, the trial court judge did not abuse his discretion in denying the writ. *Crutchfield v. State,* Okl.Cr., 553 P.2d 504 (1976). This assignment of error is without merit.

■ Defendant's third assignment asserts error in the trial court's continuing with the trial after defendant announced

unprepared. We note from a reading of the transcript that defendant made no motion for a continuance, nor did he offer an explanation for his unpreparedness except to say:

" . . . we do not announce ready because we are entitled to the availability of having witnesses in our behalf." (Tr. 11)

Absent a showing to the contrary, we suspect that the witnesses referred to were the ones for whom the writ of habeas corpus ad testificandum was sought. Having determined that the writ was properly denied, we find the defendant's third assignment of error to be without merit.

■ Defendant's fourth assignment of error is that he was tried under an incorrect statute. We have examined this identical assignment of error in other cases and have held, and hold today, that the defendant was properly charged under the provisions of 21 O.S.1971, § 349. *Crutchfield v. State*, supra.

For the above and foregoing reasons we are of the opinion that the judgment and sentence appealed from should be, and hereby is *AFFIRMED*.

BUSSEY, P. J., and BLISS, J., concur.