Kenneth GOODSON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–845.

Court of Criminal Appeals of Oklahoma.

May 16, 1977.

Sam F. Stowers, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., James W. McCann, Legal Intern, for appellee.

## OPINION

BLISS, Judge:

The Appellant, Kenneth Goodson, hereinafter referred to as defendant, was charged, tried before a jury and convicted of the offense of Injuring a Public Building, After a Former Conviction of a Felony, in the District Court, Pittsburg County, Case

No. F–75–164. Punishment was assessed at a term of ten (10) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in accordance with the verdict the defendant has perfected his timely appeal.

Briefly stated the evidence presented at trial is as follows: Robert B. Mayrhofen, the officer in charge of maximum security at the Oklahoma State Penitentiary, testified that he inspected Cell 29 shortly after he arrived on duty on March 21, 1975, and found it to be intact. The defendant was the sole occupant of Cell 29 on that day. At approximately 12:30 p. m. there was a disturbance at the penitentiary. After the disturbance Mayrhofen inspected the defendant's cell and found the sink and commode torn loose and broken. The defendant was alone in the locked cell.

Albert Schons, the Security Major at the penitentiary, then testified that he was on duty on March 21, 1975, when the disturbance broke out and that he stopped at several cells, including the defendant's, and told the inmates to stop destroying state property. The defendant was in Cell 29 by himself and the witness observed him tearing the sink off the wall. The state then rested.

After the defendant renewed numerous motions, he also rested. The jury returned a verdict of guilty on the charge of injuring a public building.

During the second stage of the proceeding the state produced certified copies of judgments and sentences reflecting the defendant's felony convictions. The exhibits were admitted into evidence over the objection of the defendant and the state rested. The jury assessed punishment as set out above.

The defendant's first assignment of error contends that trial court erred in overruling the defendant's motion to quash the second page of the information concerning the prior felony convictions. In support of his contention the defendant cites *Chester v. State*, Okl.Cr., 485 P.2d 1065, wherein this Court held that 21 O.S. § 51 could not be used to enhance punishment for an inmate charged with escape from a penitentiary pursuant to the provisions of 21 O.S. 1961, § 443, which reads as follows:

"Any prisoner in either the State Penitentiary or State Reformatory sentenced thereto who escapes from such prison, either while confined therein, or while permitted to be at large as a trusty, is punishable by imprisonment in such prison for a term not less than two (2) years or more than seven (7) years."

■ However, in *Chester*, supra, we held that a former felony was implicit in the offense and therefore it was improper to charge the accused under the habitual criminal statute. A former conviction of a felony is not implicit in the provisions of 21 O.S. § 349 which reads as follows:

"Every person who willfully burns, destroys, or injures any public building or improvements in this State, is punishable by imprisonment in the penitentiary not exceeding twenty-five years."

A prior conviction not being implicit in the charge, the provisions of the habitual criminal statute then become applicable. To hold otherwise would require that a convicted felon serving a term of imprisonment can destroy or injure the penitentiary without fear of enhanced punishment, while an ex-convict who had served his time and then willfully injures a public building would be subject to the enhancement provisions of the recidivism statute. The logic fails and so does the defendant's first assignment. See also *Jones v. State*, Okl.Cr., 532 P.2d 462.

■ The defendant's second assignment of error urges that the trial court committed reversible error in overruling defendant's motion to dismiss based upon an alleged denial of defendant's right to a speedy trial. From the record it is apparent that at the time of the commission of the offense the defendant was an inmate in the Oklahoma State Penitentiary. The speedy trial provisions were engaged at the time of the filing of the information on

July 10, 1975. The defendant was arraigned on August 22, 1975, a little over a month after the filing of the information. The preliminary hearing was held on October 8, 1975, and on November 6, 1975, the defendant filed a motion to dismiss the action for lack of a speedy trial at the same time that he filed a request for a trial continuance. The defendant was tried approximately six months later. The defendant has not alleged any prejudice by the delay and it would appear that the delay involved is not excessive. See *Long v. State,* Okl.Cr., 561 P.2d 991 (1977) and *Anderson v. State,* Okl.Cr., 556 P.2d 1006. In viewing the case as a whole it is our opinion that the defendant's constitutional right to a speedy trial was not denied him especially in view of the motion for continuance and lack of prejudice. The defendant's second assignment is without merit.

The defendant's last assignment of error argues that the trial court's denial of a writ of habeas corpus ad testificandum sought by defendant to secure the attendance of certain witnesses incarcerated in the penitentiary constituted reversible error. We have considered this assignment of error in other cases arising out of this incident. See *Long,* supra. In order to procure the issuance of the writ sought, it is necessary to make an application therefor, and strict proof of materiality of the testimony and the necessity of the attendance of the prisoner as a witness are required before the trial court may issue the writ. It is within the sound discretion of the trial court to grant or refuse same. In the instant case the defendant wholly failed to establish the materiality of the testimony of the requested witnesses. Therefore, the trial judge did not abuse his discretion in denying the writ. *Crutchfield v. State,* Okl. Cr., 553 P.2d 504. The defendant's last assignment is also without merit.

From an examination of the record as a whole it is our opinion that the defendant received a fair and impartial trial before a jury, that no substantial right of the defendant was prejudiced and that the judgment and sentence appealed from should be, and the same is hereby AFFIRMED.

BUSSEY, P. J., and BRETT, J., concur.